# Bonner, Appellant, *v.* Jennings.

*Public officers—Borough solicitor—Term of office—Act of April 25, 1907, P. L. 103.*

Where an attorney at law is employed by a borough for one year, and about six weeks thereafter the Act of April 25, 1907, P. L. 103, is passed, creating the office of borough solicitor and fixing the term of office at three years, such attorney does not become borough solicitor at the end of his year of employment without an election as provided by the act, and an ordinance enacted subsequent to the passage of the act fixing the amount of his bond, is not the equivalent of an election under the act.

Argued Feb. 24, 1909. Appeal, No. 4, Jan. T., 1909, by plaintiff, from judgment of C. P. Lackawanna Co., March T., 1908, No. 1,107, for defendant on case tried by the court without a jury in suit of Commonwealth ex rel. J. H. Bonner v. W. A. Jennings. Before Fell, Brown, Potter, Elkin and Stewart, JJ. Affirmed.

Petition for quo warranto.

Newcomb, J., filed the following opinion:
The relator asserts title to the office of solicitor for the borough of Old Forge in this county. The writ was issued at

his instance for the purpose of ousting the defendant who is alleged to be unlawfully holding and exercising the office. The cause being at issue on a traverse of the averments of relator's petition it was submitted to the court for trial without a jury under the act of April 22, 1874, and its supplements, by stipulation of counsel filed May 4, instant. The trial thereupon proceeded, and from the evidence I find the following:

### FINDINGS OF FACT.

1. How and when the borough of Old Forge was created is not shown. The case was tried on the assumption that before the inception of the cause it had been organized under the general borough laws and was governed accordingly at all times with which the case is concerned.

2. March 4, 1907, being the first Monday in the month, the annual reorganization of the town council was effected. Among other things, action was then taken for the appointment of a solicitor. As recorded on the minutes the action was as follows: "The next order of business was the election of borough solicitor. The following names were presented: John H. Bonner and W. A. Jennings. On roll call the following voted for J. H. Bonner" (the names follow). "For W. A. Jennings" (the names follow). "The result was as follows: Bonner 7, Jennings 3. John Bonner was declared the borough solicitor for the ensuing year."

3. From that time until the first Monday of March this year the relator served as the attorney or solicitor for the borough. June 24, 1907, action was taken with respect to his salary. The minute of the action is as follows: "Motion of Patrick Burke that the borough solicitor's salary be $350 a year for his term. Motion carried." At the same meeting action was taken with reference to the solicitor's bond. The minute is as follows: "An ordinance fixing the borough solicitor's bond at $1,000 a year was offered and passed final reading." The minutes of the meeting further show that his bond in that sum was accepted and filed.

4. The ordinance providing for the bond was recorded on the ordinance book and is as follows: "An ordinance fixing the

amount of the borough solicitor's bond in the borough of Old Forge, county of Lackawanna and state of Pennsylvania. Be it ordained by the council of Old Forge, and it is hereby enacted by authority of the same, that in compliance with the act of assembly of 1907 requiring the borough solicitor to give a bond for the faithful performance of his duties the same be fixed at one thousand dollars." The "act of assembly of 1907" therein referred to is the act of April 25, 1907, P. L. 103.

5. This act is entitled a supplement to the general borough Act of April 3, 1851, P. L. 320, "providing for the election of a borough solicitor, fixing his term of office, and prescribing his duties, and authorizing the town council to fix his compensation."

Section 1 is as follows: "That the town council of each of said boroughs on the first Monday of March, 1907, or as soon thereafter as practicable, may elect, by a vote of a majority of the members, one person, learned in the law, who shall be styled the borough solicitor, and shall serve for the term of three years from the first Monday of March succeeding his election, and until his successor shall be duly qualified; and the town council shall also fix the compensation he shall be allowed for said term. Vacancies in said office shall be filled by the town council for the unexpired term. He shall give bond to the corporation, with two or more sufficient sureties, to be approved by the town council, in such sum as they shall by ordinance direct, conditioned," etc. The remaining sections relate to the solicitor's duties.

6. In connection with the record of the ordinance of June 24, in the ordinance book the clerk certified, "That the foregoing ordinance was given to the burgess, Ed. Garvin, at least ten days before the next regular meeting, that he returned the same to the next regular meeting without his signature or his veto." Under the clerk's testimony it could be found that in respect to the action of the burgess the certificate is inaccurate, and thus the validity of the ordinance might be open to question. As the point is not essential to the proper disposition of the case we do not at this time undertake to decide it.

7. At the reorganization of the council the first Monday of

March this year, the defendant was appointed borough solicitor for one year and from that time has been acting and recognized as such although he gave no bond, none being required by the council.   At the meeting of March 23 action was taken with reference to his salary as shown by the following minute: "Motion of Hapgood that the rest of the officers receive the same salary as last year, the officers being clerk, treasurer, solicitor and janitor.   Motion carried."

8. Excepting the ordinance fixing the amount of the relator's bond in June, 1907, no action appears to have been at any time taken by the council with reference to the act of April 25, 1907.

The defendant presented several requests for findings of fact, but as they are substantially covered by the foregoing findings they need not be specifically answered.

As applicable to the facts I state the following:

### CONCLUSION OF LAW.

1. At the time of relator's appointment the office of borough solicitor did not exist.   His election was nothing more or less than an employment, the term of which expired by limitation on the first Monday of March, 1908.

2. The subsequent attempt to change the character of his appointment by merely requiring a bond in accordance with the Act of April 25, 1907, P. L. 103, was of no effect.

3. Hence, the relator never took title to the office in question and for that reason cannot recover possession.

4. Whether defendant has any title to the office is at least questionable.   But that need not now be decided, as the relator must recover, if at all, on the strength of his own title.

5. Judgment should accordingly be entered for defendant with costs.

The defendant presented certain requests for conclusions of law which are practically covered by the foregoing, and more specific answers are deemed unnecessary.

### DISCUSSION.

Prior to the act of April 25, 1907, there was no express legislative authority for the election of a borough solicitor.

There was no statute either creating or recognizing such office. That the town council was clothed with implied power to employ an attorney by the year if in its discretion it saw fit, has never been doubted, and, indeed, would hardly seem to admit of a doubt. That, however, will not sustain the theory that the attorney so appointed became a public official, and his position a public office. Such office can only be created by the legislature or by municipal action in pursuance of express legislative authority. When the relator was appointed in March, 1907, he was at liberty to accept or reject an employment tendered him by the borough. Having accepted, he took it with the limitations annexed, namely, for the term of one year. That fixed the status of the parties to the appointment. The status was not changed by the act of April 25, 1907. It may, at least for the purpose of this case, be assumed that the effect of the act was to create the office of borough solicitor with a tenure of three years. The office, however, could only be filled by an election in pursuance of the act. That did not pretend to make the borough attorney the incumbent of the newly created office. Neither does it purport to give the town council power to make him the incumbent otherwise than by election. Such election has never been held, unless the one of this year could be so construed, which we do not undertake to decide. It is not sound legal reasoning to say that the subsequent ordinance requiring a bond from relator and fixing its amount was equivalent to his election under the act. Like all statutory proceedings, to be effective the statute must be followed with substantial strictness. Here the statute was not in existence when the relator was appointed in March, 1907. There has been no attempt to rescind that action nor to proceed with another election until the end of the year for which the appointment was made. Then the defendant was elected. If the case turned on the validity of his title a different judgment might have to be rendered.

It may be the act does not make the election of a solicitor compulsory on the borough. But there is ground for the argument that if the town council sees fit to have a solicitor they must now elect in accordance with the act. The defendant is

confronted with the fact that there was no attempt in his case to conform to the statute, but his appointment was apparently made on the theory that it is optional with the borough whether to elect according to the act or to appoint an attorney from year to year as heretofore. While we may have power to pass on the defendant's title, and, if neither party is found to have title, to declare the office vacant, we do not think the case is of such character as to call for that, and it is accordingly decided against the relator on the want of title in him. We cannot see how he has any standing to claim an office which did not exist at the time of his appointment, especially in view of the limitation of his term of service to "the ensuing year."

Let judgment be entered for the defendant with costs, unless exceptions be filed within thirty days after notice to the parties or their respective attorneys, which is to be forthwith served by the prothonotary or his clerk as provided by the Act of April 22, 1874, P. L. 109.

*Error assigned* was in entering judgment for defendant.

*A. A. Vosburg*, with him *Chas. W. Dawson*, for appellant.— We submit that, under the Act of assembly of April 25, 1907, P. L. 103, and his election by the council of Old Forge borough on the first Monday of March, 1907, and by the several acts of said borough council subsequent to the passage of said act of assembly, recognizing the same, John H. Bonner was the legally elected solicitor of Old Forge borough, and that his term of office as such does not expire until the first Monday of March, 1911: Com. v. Moir, 199 Pa. 534; Hawkins v. Com., 76 Pa. 15; Com. v. Weir, 165 Pa. 284; Com. v. McCombs, 56 Pa. 436; Lloyd v. Smith, 176 Pa. 213; Philadelphia v. Fox et al., 64 Pa. 169.

We submit that minutes of a municipal corporation cannot be attacked in a collateral case unless fraud or corruption is alleged in the pleadings: Com. ex rel. v. Schubmehl, 3 Lacka. Leg. News, 186; Whitehead v. School Dist., 145 Pa. 418; McCrea v. School Dist., 145 Pa. 550.

*M. J. Martin*, with him *Robt. J. Murray*, for appellee.—There is nothing in the act of April 25, 1907, making it retroactive or applicable to any mere hiring of counsel, which took place on the first Monday of March, 1907: State v. City of Kearney, 49 Neb. 337 (70 N. W. Repr. 225); Bauer-Grocer Co. v. Zelle, 172 Ill. 407 (50 N. E. Repr. 238); Brady v. Wilkes-Barre, 161 Pa. 246; Thomas's Election, 198 Pa. 546; Sproul v. Standard Plate Glass Co., 201 Pa. 103.

Per Curiam, April 12, 1909:

The judgment is affirmed on the opinion of Judge Newcomb.