ANDERSON, Plaintiff-Appellee. v. INDUSTRIAL COMMISSION,

Defendant-Appellant.

Ohio Appeals, Third District, Henry County.

No. 327.   Decided October 7, 1943.

Unverferth & Unverferth, Ottawa; T. J. Duffy, Columbus, for plaintiff-appellee.

Thomas J. Herbert, attorney general, Columbus, and Robert E. Hall, assistant attorney general, Columbus, for defendant-appellant.

## OPINION

By GUERNSEY, P. J.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Henry county, Ohio, in an action pending therein wherein Florence Anderson the appellee was plaintiff, and the Industrial Commission of Ohio the appellant was defendant, finding in favor of the plaintiff's right to participate in the state' insurance fund, and making a certificate thereof accordingly to the Industrial Commission of Ohio.

The application to the Industrial Commission of Ohio for an award of compensation was made by the plaintiff Florence Anderson, widow of J. S. Anderson, deceased, on behalf of herself and Helen Anderson the daughter of plaintiff and decedent.

The transcript of the proceedings had before the Industrial Commission shows that upon rehearing duly granted, the claim was submitted to the Industrial Commission upon certain testimony not material for consideration of this appeal, and the following stipulation, to-wit:

"It is stipulated and agreed by and between counsel for the claimant and counsel for the State Insurance Fund that on February 4, 1941 John S. Anderson, the decedent in this case, was serving as County Superintendent of the Henry County Board of Education, and that on that date the Henry County Board of Education had complied with the requirements of the Workmen's Compensation Law, and had paid premiums into the State Insurance Fund. It is further stipulated and agreed that the decedent was appointed by said Henry County Board of Education, and began work as County Superintendent on August 1, 1940.

"It is further stipulated and agreed that on February 4, 1941 the decedent while in the performance of his duties as County Superintendent of Schools was required to attend meetings of the Board of Education at Liberty Center, and the Board of Education of South Ridge Special, and after finishing his duties at the meetings of the above mentioned Boards of Education he started for his home in an automobile, and was proceeding by the shortest and most direct route when he was struck by a railroad train at a crossing and was so injured that he died on the same date as a result of said injury. It is further stipulated and agreed that the venue of the case is Henry county, Ohio.

"It is further stipulated and agreed that at the time of his death Florence Anderson was his wife, and was living with him at the time of death, and that there was also a daughter, Helen, who was living with the decedent and his wife at the time of death, and whose age at that time was seventeen (17), and that she was attending school at Florida, Henry county, Ohio. Further stipulated and agreed that Mrs. Florence Anderson was wholly dependent upon the decedent at the time of his death.

"It is further stipulated and agreed that the only issue involved in this case is whether or not a County Superintendent of Schools is an employee or a public official, within the meaning of the Workmen's Compensation Law, and whether or not the widow or dependents of a deceased county superintendent who has met death in the course of his employment is entitled to the benefits of the Workmen's Compensation Law. That is, whether or not a county superintendent of schools is excluded from the provisions of the Workmen's Compensation Law.

"It is further stipulated and agreed that the claimant within the statutory period filed an application for payment of compensation on behalf of herself and daughter, Helen; that the Industrial Commission of Ohio heard said application and subsequently disallowed the claim, and thereafter an application for rehearing was filed within the statutory period, and the claim was assigned for hearing pursuant to which order this claim comes on for hearing today."

It further appears from said transcript that the Industrial Commission, on such hearing disallowed said claim, the disallowance being based upon an opinion of the Attorney General, No. 5168, published by the office of the Attorney General, May 27, 1942, to the effect that a county superintendent of schools (appointed under the laws of Ohio) is an official and not an employee, workman or operative, within the meaning of §1465-61 GC, and is therefore excluded from the provisions of the Workmen's Compensation Law.

Appeal was duly taken from the order of the Industrial Commission disallowing the claim, to the Common Pleas Court of Henry County, and upon the cause being duly submitted to said court without the intervention of a jury, the judgment from which this appeal is taken was rendered.

While a number of assignments of error are made, the sole contention of the appellant under such assignments is that as a matter of law, the decedent in his capacity as coun–

ty superintendent was a public official and not an employee of the Henry County Board of Education, within the meaning of §1465-61 GC, and was therefore excluded from the benefits of the Workmen's Compensation Law.

Section 1465-61 GC, defines the terms "employee", "workman" and "operative" as used in the Workmen's Compensation Act, as follows:

"* * *

1. Every person in the service of the state, or of any county, city, township, incorporated village or school district therein, including regular members of lawfully constituted police and fire departments of cities and villages, under any contract of hire, express or implied, oral or written, except any official of the state, or of any county, city, township, incorporated village or school district therein. * * *"

As used in this provision the word "official" means any one who holds or is vested with a public office of the state or any of the designated political sub-divisions thereof.

The tests for determining whether a position is a public office, and consequently whether the incumbent thereof is a public officer, are stated in the opinion in the case of **State ex rel. v. Commissioners, 95 Oh St 157, at pages 159 and 160,** to be as follows:

The usual criteria in determining whether a position is a public office are durability of tenure, oath, bond, emoluments, the independency of the functions exercised by the appointee, and the character of the duty imposed upon him. While an oath, bond and compensation are usually elements in determining whether a position is a public office they are not always necessary. The chief and most decisive characteristic of a public office is determined by the quality of the duties with which the appointee is invested, and by the fact that such duties are conferred upon the appointee by law. If political duties are prescribed by statute, and their performance involves the exercise of continuing, independent, political or governmental functions, then the position is a public office and not an employment.

To constitute a public office it is essential that certain independent public duties, a part of the sovereignty of the state, should be appointed to it by law. The functional powers imposed must be those which constitute a part of the sovereignty

of the state. If specific statutory and independent duties are imposed upon the appointee in relation to the exercise of the police powers of the state, if the appointee is invested with independent power in the disposition of public property or with power to incur public obligations upon the part of the county or state, if he is empowered to act in those multitudinous cases involving business or political dealings between individuals and the public, wherein the latter must necessarily act through an official agency, then such functions are a part of the sovereignty of the state.

Under the provisions of §7702 GC, the general duties of a county superintendent of schools are defined as follows:

"Such superintendent shall be in all respects the executive officer of the board of education, and shall visit the schools under his charge, direct, assign and assist teachers and all other educational employees in the performance of their duties, classify, assign and control the promotion of pupils, and perform such other duties as such board determines."

Further duties of a county superintendent of schools are prescribed in other sections of the General Code, but are of the same general character as the duties prescribed by §7702 GC.

The fact that §7702 GC, prescribes that "such superintendent shall be in all respects the executive officer of the board of education", is not determinative of the question as to whether the superintendent is a public officer, for, under the rules hereinbefore mentioned, it is the quality of the duties with which the employee is invested rather than the description of the office which is determinative of such question.

The duties invested in a superintendent by said §7702 GC, to "direct, assign, and assist teachers and all other educational employees in the performance of their duties, classify, assign and control the promotion of pupils", are of such character that if exercised independently by the superintendent, would constitute the exercise of functions which are a part of the sovereignty of the state, and would constitute the superintendent, within the terms of the definition hereinbefore set forth, a public officer.

Our next inquiry therefore is whether it is the legislative intent that such functions are to be exercised independently by such superintendent.

Sections 4728 and 4744-1 GC, are in pari materia with §7702 GC, above mentioned, and to determine the proper interpretation and construction to be placed on the provisions of §7702 GC, said sections must be read, interpreted and construed together.

Section 4728 GC, prescribes:

"Each county school district shall be under the supervision and control of a county board of education composed of five members, who shall be electors residing in the territory composing the county school district and who may or may not be members of local boards of education."

Section 4744-1 GC, among other things, prescribes:

"The salary of the county superintendent shall be fixed by the county board of education to be not less than twelve hundred dollars per year, and to be paid out of the county board of education fund on vouchers signed by the president of the county board."

It will be noted that under the provisions of §4728 GC, "supervision and control" of a county school district is vested in the county board of education.

Essential to the exercise of such supervision and control by the county board of education, is supervision and control over the persons designated by law to execute the educational functions of such school district, and such supervision and control necessarily comprehends supervision and control of the performance by the superintendent of the county school district, of the duties vested in or imposed upon such superintendent by statute, or by action of the board pursuant to statute. Consequently such duties as are invested in or imposed upon the superintendent by statute, or pursuant to statute, are subject to the general supervision and control of the county board of education, and the county superintendent does not independently exercise any sovereign functions, and not independently exercising such functions is not a public officer, but is merely an employee of the board of education.

The construction we have adopted is in harmony with the provisions of §20, Article II of the Constitution, and in conformity with the rule that where there are two possible interpretations to be placed upon a statute, one of which will render it valid and the other invalid, the court should

adopt the former so as to bring the statute in harmony with the constitution.

**Section 20 of Article II of the Constitution** prescribes:

"The General Assembly, in cases not provided for in this constitution, shall fix the term of office and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished."

In the case of **State ex v O'Brien, 95 Oh St 166,** the Supreme Court held that the General Assembly of Ohio cannot delegate the authority conferred upon it by §20 **of Article II of the Constitution,** to fix the compensation of officers.

It will be noted that §4744-1 GC, prescribes that the salary of the county superintendent shall be fixed by the county board of education.

If the provisions of §7702 and other cognate sections of the General Code should be construed as conferring on the county superintendent the independent exercise of sovereign functions constituting him a public officer, the provisions of §4744-1 GC, above mentioned, would constitute a delegation by the General Assembly of Ohio to the county board, of the authority conferred upon it by §20 **of Article** II of the **Constitution** to fix the compensation of officers, and would therefore be unconstitutional and void.

For the reasons mentioned, we find no error in the particular specified, and the judgment will be affirmed at costs of appellant, and the cause remanded for execution.

JACKSON and MIDDLETON, JJ., concur.