Commonwealth ex rel. Loverick, Appellant, *v.* Shumaker.

Submitted March 19, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*William D. Markel,* for appellant.

*Lee C. McCandless,* for appellee.

OPINION BY MR. JUSTICE JONES, April 9, 1945:

This is an appeal from an order quashing a writ of quo warranto obtained upon a suggestion by the relator alleging that the respondent is serving as solicitor of Butler Township, Butler County, Pennsylvania, in violation of law because of the following circumstances. The respondent was elected township solicitor by the board of commissioners on January 3, 1944 (the first

Monday of the month) for a term of two years from that date. He was then, and has since continued to be, the duly elected and qualified district attorney of Butler County. These facts are admitted by the respondent's answer to which the relator filed a demurrer. After argument on the pleadings, the court below disposed of the matter, as above indicated, and the relator brings this appeal.

The Act of May 2, 1929, P. L. 1278, Art. III, Section 246, as amended by the Act of June 20, 1939, P. L. 464, Section 1 (16 P.S. § 246), provides that "No district attorney shall be eligible to a seat in the Legislature, or to *any other office under the laws* and Constitution *of the State,* excepting an office or commission in the militia of the State, during his continuance in office." (Emphasis supplied.)

The learned judge of the court below, reasoning that a municipal solicitor who is not empowered to exercise governmental authority and who serves the municipality in a purely professional capacity as its attorney for prescribed compensation is not a public officer, held that the respondent's office as solicitor for Butler Township did not fall within the interdiction of the Act of 1929, supra.

Even if a municipal solicitor is not a public officer within the legal contemplation of that term (cf. *Finley v. McNair,* 317 Pa. 278, 176 A. 10, and *Richie v. Philadelphia,* 225 Pa. 511, 74 A. 430), it is not open to question that the office of township solicitor is an office existing "under the laws * * * of the State * * *". It is expressly authorized by the Act of June 24, 1931, P. L. 1206, Art. XII, Sections 1201-1204 (53 P.S. § 19092-1201 et seq.), which prescribes the term, compensation and duties of the office.

Section 1201 of the Act provides that "The board of [township] commissioners, on the first Monday of January in any even-numbered year * * * may elect * * * [a] township solicitor * * * who shall serve for the

term of two years, from the first Monday of January of the even-numbered year in or succeeding which he was elected, * * *" at compensation to be fixed by the commissioners within the limitation of the prescribed maximum per annum salary, any vacancy in the office to "be filled by the board of commissioners for the unexpired term". It was in pursuance of the authority thus conferred by the law of the State that the board of commissioners elected the respondent solicitor of Butler Township on the first Monday of January 1944. The respondent himself so concedes. In his answer to the writ of quo warranto he expressly avers that "the position of township solicitor is only authorized by the Act of Assembly of June 24, 1931, P. L. 1206, Art. 12."

But, because the exercise of the power conferred by the Act of 1931, supra, is permissive, the learned judge of the court below erroneously concluded that the election of the respondent as solicitor of Butler Township was an exercise of authority existing in the board of commissioners outside of the Act of 1931 and that the solicitor so elected did not thereby become a public officer. Granting that the board of commissioners is not required by the Act of 1931 to elect a township solicitor and regardless of what may otherwise be the board's inherent power to employ counsel (Cf. *Bonner v. Jennings,* 224 Pa. 391, 395, 73 A. 449), when a board of commissioners elects a township solicitor, as in the present instance, the action is necessarily pursuant to the authority conferred and the requirements prescribed by the Act of 1931. Manifestly, the office to which the township commissioners thus elect exists by virtue of the law of the State. It is, therefore, an office which an incumbent district attorney is incapable of holding because of the prohibition in the Act of 1929, as amended.

The case of *Commonwealth ex rel. Woodruff v. Joyce,* 291 Pa. 82, 139 A. 742, which the appellee cites, is not in point. The office in question in that case was Director of the Poor and the interdiction of the germane statute

(Act of May 15, 1874, P. L. 186, Section 15) ran against the appointment of any senator or representative, during the period of his term, "to any civil office under this Commonwealth" which was held to mean a State office. Here, the Act of 1929, which is presently pertinent, embraces any office "under the laws * * * of the State" without discrimination between State and municipal offices. The remaining cases cited by the appellee are equally inapplicable. They deal either with the compatibility of certain offices or with what does or does not constitute a public office and are not concerned with the Acts of 1929 and 1931 which we have for application.

The order quashing the writ is reversed and the cause remanded with directions to the court below to enter a judgment of ouster.