Commonwealth ex rel. Foreman *v.* Hampson, Appellant.

468

Argued May 26, 1958.  Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*J. G. McGill,* with him *McGill & McGill,* for appellants.

*James L. Foreman,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, July 1, 1958:

This action in quo warranto was instituted by James L. Foreman, district attorney of Forest County, as relator, for the purpose of questioning the right of Harold S. Hampson, Esq., to serve as county solicitor. The complainant alleged that, since Hampson is a non-resident of Forest County, his appointment by the commissioners as county solicitor violates the provisions of Article XIV, Section 3, of the Constitution of Pennsylvania which provides that no person "shall be appointed to any office within any·county" unless he has been a citizen and inhabitant therein for one year next prior to his appointment. The relator demanded that the defendant's appointment as solicitor be declared a nullity and that he be ousted from the office. The defendant filed preliminary objections in the nature of a demurrer to the complaint, contending that the county solicitor is a county *employee* and that, consequently, Section 3 of Article XIV has no application to him since the constitutional provision applies only to county *officers*.

The defendant filed an answer to the complaint following which the court entered an order granting the relator's motion for judgment on the pleadings. At this point the commissioners of Forest County petitioned the court for leave to intervene as parties defendant and to file an answer. Contemporaneously with the court's subsequent dismissal of the defendant's exceptions to the order granting relator's motion for judgment on the pleadings, the court allowed the commissioners to intervene and answer, but, at the same time, entered the judgment of ouster from which defendant Hampson and the county commissioners have taken these several appeals. The court's opinion states that in reaching its decision it considered the facts averred in the commissioners' answer.

Forest County has approximately 5,000 inhabitants, being the smallest county in the Commonwealth in population. The local bar has but three practicing attorneys, one of whom is the district attorney, the relator herein. For reasons which it is now unnecessary to recite, the county commissioners decided to appoint as county solicitor defendant Hampson, a resident of and a practicing attorney in contiguous Warren County which, together with Forest County, comprises the thirty-seventh judicial district. In the answer of the county commissioners, which by the court's allowance became a part of the record, it is averred that the services of Mr. Hampson have been "eminently satisfactory" and have resulted in "substantial savings" to the county.

The sole question to be determined on this appeal is whether a county solicitor is subject to the residence qualifications prescribed by Article XIV, Section 3, of the State Constitution. In considering this constitutional provision it will be helpful to read it in the context in which it appears in the Constitution, as follows:

"ARTICLE XIV

"COUNTY OFFICERS

"Section 1. County officers

"County officers shall consist of sheriffs, coroners, prothonotaries, register of wills, recorders of deeds, commissioners, treasurers, surveyors, auditors or controllers, clerks of the courts, district attorneys, and such other as may from time to time be established by law; and no treasurer shall be eligible for the term next succeeding the one for which he may be elected.

"Section 2. Election of county officers; terms; vacancies

"County officers shall be elected at the municipal elections and shall hold their offices for the term of four years, beginning on the first Monday of January next after their election, and until their successors shall be duly qualified; all vacancies not otherwise provided for, shall be filled in such manner as may be provided by law.

"Section 3.   Qualifications

"No person shall be appointed to any office within any county who shall not have been a citizen and an inhabitant therein one year next before his appointment, if the county shall have been so long erected, but if it shall not have been so long erected, then within the limits of the county or counties out of which it shall have been taken."

The appellant and the appellee are agreed that the residence requirement of Section 3 of Article XIV applies only to appointed county officers.   The relator in his brief states that "The residence requirement for persons appointed to 'any office in any County' was placed in the Constitution to insure the same restriction of choice of *appointed* county officers as exists *by the nature of things* with *elected* county officers" (Emphasis supplied). As no residence requirement is constitutionally prescribed for elected county officers, the relator's allusion to "the nature of things" was evidently intended to suggest what actually transpires in practice with respect to the places of residence of elected county officers.   Nor does the Constitution set up a residence requirement for public *employees* as distinguished from public *officers*.   Thus, it may be stated dogmatically that it is only an *appointed county officer* who is subject to the constitutional requirement.

The court below reasoned, however, that because of the positive direction of Section 2 of Article XIV that

"County officers shall be elected at the municipal elections . . .", a person appointed to a county position, although not an enumerated county officer and consequently not elected, is subject nonetheless to the residence requirement because he is appointed. The contention is a *non sequitur*. Elected county officers are such as occupy the offices enumerated in Section 1 of Article XIV. In *Lennox v. Clark*, 372 Pa. 355, 373, 93 A. 2d 834, we specifically held that the election provision of Section 2 of Article XIV is applicable only to those officers enumerated in Section 1, viz., "sheriffs, coroners, prothonotaries, register of wills, recorders of deeds, commissioners, treasurers, surveyors, auditors or controllers, clerks of the courts, district attorneys." But, other county offices, not included in the enumeration of Section 1, can be established by law and may, therefore, be made appointive rather than elective in keeping with the requirement of Article XII, Section 1, that "All officers, whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law . . .".

In the event of a vacancy in any county office, where no other provision has been made to fill it, it is the duty of the Governor to appoint to the vacancy, subject to confirmation of the appointment by the Senate: Pennsylvania Constitution, Article IV, Section 8; Act of August 9, 1955, P. L. 323, Section 409, 16 PS §409. Under Article V, Section 7, the Prothonotary of Philadelphia County is *appointed* by the Judges of the courts of common pleas even though the office is one of those expressly enumerated in Section 1 of Article XIV. It is such officers who may be appointed rather than elected to which the residence requirement of Section 3 applies.

A county solicitor is an appointed professional employee and is not a county officer within the contem-

plation of Section 3 of Article XIV. In *Richie v. Philadelphia*, 225 Pa. 511, 513, 514-515, 74 A. 430, public officers are described as those "upon whom grave and important duties are imposed for a fixed term, and who, for the proper performance of the same, have, during the term of their election or appointment, delegated to them some of the functions of government." The court then added, ". . . and it is to be regarded as settled that an office is a public one within the meaning of the constitution if the holder of it exercises grave public functions and is clothed at the time being with some of the powers of sovereignty." A county solicitor is not appointed for any fixed term or certain tenure but occupies his position at the will of the commissioners who appoint him. No functions of government are delegated to him. Nor can he lawfully exercise any powers of sovereignty. He serves as counsel to the commissioners in the discharge of their public duty just as any privately employed attorney serves his clients. His duties are to advise the commissioners and to represent the county in litigation authorized by them or instituted against the county.

The test to be applied in determining a public officer was summarized in *Alworth v. County of Lackawanna*, 85 Pa. Superior Ct. 349, 352, as follows: "If the officer is chosen by the electorate, or appointed, for a definite and certain tenure in the manner provided by law to an office whose duties are of a grave and important character, involving some of the functions of government, and are to be exercised for the benefit of the public for a fixed compensation paid out of the public treasury, it is safe to say that the incumbent is a public officer within the meaning of the constitutional provisions in question. This we think is the effect of the adjudications on the subject. While this rule requires consideration of various matters in determin-

ing whether an office can properly be considered to be within the meaning of the clause of the Constitution under consideration, the character of the functions to be performed is of prime importance."

While the case above cited involved sections of the Constitution other than the Article here under consideration, the factors, there enumerated, which go to determine a public officer are those which also control the decision as to the status of a county solicitor. In *Wiest v. Northumberland Co.*, 115 Pa. Superior Ct. 577, 580, 176 A. 74, the court, in holding that a solicitor to a county controller is not a public officer within the meaning of Article III, Section 13, of the Constitution, recognized that "Whilst the question of appointment or election may not always create the line of cleavage between a public officer and one who is not, nevertheless, the fact that he is chosen by the electorate *for a definite tenure* gives support to the fact that he is a public officer" (Emphasis supplied). The converse is of equal cogency.

In the *Alworth* case, supra, the Superior Court held that counsel for the Board of Registration Commissioners is not a public officer within the meaning of Article III, Section 13, of the Constitution. What the court there said in discussing the duties of counsel is pertinent here: "It is apparent, therefore, that [the counsel] is merely the legal adviser of the board with regard to the performance of their duties and shall represent them in legal proceedings in which the board is involved. His duties are important in the sense that the advice and actions of an attorney always entail grave responsibility; but they are performed for the board. He has no direct connection with, or responsibility to, the public; he is entirely subordinate to the board; they may follow his advice or disregard it; he cannot control their actions; he cannot perform their

duties; his appointment is for no definite term, and he can be recalled at any time; he has no grave and important duties involving a function of government in their performance, or duties which are of such a public character as are held to be an essential characteristic of an office in order to bring it within the meaning of the constitutional prohibition."

In *Commonwealth ex rel. Loverick v. Shumaker*, 352 Pa. 4, 5, 41 A. 2d 857, we held a district attorney ineligible to serve at the same time as a township solicitor. The applicable Act of May 2, 1929, P.L. 1278, as amended (since superseded by the Act of August 9, 1955, P.L. 323) declared that "No district attorney shall be eligible . . . to any other office under the laws and Constitution of the Commonwealth. . . ." Since the position of a municipal solicitor is an office under the laws of the State, it followed that the district attorney was ineligible to serve as township solicitor. But, the *Loverick* case, expressly distinguishing itself from the situation now before us, recognized the likely possibility that a municipal solicitor is not a public officer. We expressly noted that "The learned judge of the court below [reasoned] that a municipal solicitor who is not empowered to exercise governmental authority and who serves the municipality in a purely professional capacity as its attorney for prescribed compensation is not a public officer. . . ." We did not repudiate that conclusion but merely added that "Even if a municipal solicitor is not a public officer within the legal contemplation of that term (cf. Finley v. McNair, 317 Pa. 278, 176 A. 10, and Richie v. Philadelphia, 225 Pa. 511, 74 A. 430), it is not open to question that the office of township solicitor is an office existing 'under the laws . . . of the State . . .'" as indeed it plainly is.

The opinion expressed in *Ulrich v. Coaldale Borough*, 53 Pa. Superior Ct. 246, 252, that a borough solicitor is

an appointed officer within the meaning of Article VI, Section 4, of the Constitution is not only a dictum but is irrelevant to the question with which we are presently concerned. The *Ulrich* case was a suit in assumpsit by the plaintiff to recover for legal services allegedly performed as borough solicitor under a valid contract. The court found as a matter of law that the plaintiff had neither an express nor an implied contract for his services as borough solicitor for the years claimed. So much was sufficient to defeat the plaintiff's claim and the court accordingly entered a nonsuit which it subsequently refused to take off. On appeal by the plaintiff, the opinion for the Superior Court volunteered that the plaintiff, as a public officer, could nevertheless have been discharged from employment as borough solicitor by reason of council's power under Article VI, Section 4, of the Constitution which provides that "Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed." As we have already seen, defendant Hampson is a county employee and, as such, is dischargeable at any time by the power which appointed him without resort to Article VI, Section 4.

Since only a person serving as an appointed county officer is required to have been a citizen and inhabitant of the county for one year next before his appointment by virtue of Article XIV, Section 3, the commissioners of Forest County acted within their lawful authority in appointing Hampson county solicitor even though he is not a resident of the county.

Judgment reversed and here entered for the defendants.

Mr. Justice BELL dissents.