## Commonwealth v. Bionaz

*Frank, Ayres, Hager & Kuyat,* for plaintiff.

*Margolis, Coppersmith & Shahade,* for defendant.

GRIFFITH, P. J., September 16, 1964.—This is an action in quo warranto brought by the Attorney General in which it is averred that defendant is the district attorney of Cambria County and also holds the office of solicitor for seven school districts. The complaint suggests that the office of district attorney is incompatible with the office of the solicitor for a school district and asks that defendant be ordered to resign from his office as district attorney of Cambria or resign his offices as solicitor for the various school districts.

Defendant filed preliminary objections which were overruled by the court and then filed an answer admitting defendant's employment as solicitor by the various school districts but denying that the position of solicitor for a school district and the office of district attorney are incompatible. It was stipulated by the parties that no testimony would be taken and defendant moved for judgment on the pleadings.

"The right to hold office is a valuable one and its exercise should not be declared prohibited or curtailed except by plain provisions of the law. . . . Statutes imposing disqualifications are to be construed strictly. . . .": 42 Am. Jur. 908, Public Officers, §37.

Much of the argument in this case devolved around a contention as to whether or not the position of solicitor to a school district is a public or a private office. It seems obvious that a solicitor to a school district is employed by a public body and consequently his position is a public one, just as a janitor in a public school is a public employe although he is not a public officer. The real question is whether he is an "officer" or an

"employe." It is often difficult to distinguish whether an individual is an officer or an employe: 67 C. J. S. 108, Officers, §5; 42 Am. Jur. 889-890, Public Officers, §12.

Section 1401 of the County Code of 1955, 16 PS §1401(f) provides:

"No district attorney shall be eligible to a seat in the Legislature or any other *office* under the laws and Constitution of the Commonwealth, . . . during his continuance in office."

The question before us is whether the position of solicitor to a school district is an "office" or an "employment" under the laws of the Commonwealth. Clearly, it is not an office under the Constitution.

Numerous criteria have been used to determine whether a person is an officer or an employe. A very important distinction between an office and an employment lies in the fact that an officer exercises some part of the sovereign power or the functions of government and an employe does not. Other factors must of course be considered, such as tenure and permanency, whether the incumbent is required to take an oath or give a bond, whether he may exercise discretionary power, the dignity of the office and many others. The only provision in the Public School Code of 1949 relating to solicitors for school districts is found in 24 PS §4-406 and reads as follows:

"Each board of school directors may appoint a solicitor and such other appointees, clerk or employees as it may deem proper . . . and shall define their duties and fix their salaries."

Since plaintiff in this case did not desire to take testimony for the purpose of placing on the record the duties and obligations actually required of defendant as solicitor to the several school districts which he represents, it is difficult for the court to determine whether his powers and responsibilities are such as to

constitute his positions as offices or as employments. The fact that the legislature did not see fit to enumerate any duties to be required of solicitors for school boards but merely permitted the school boards themselves to define the duties of the solicitors, while by no means conclusive, argues against the position being an office. Moreover, a reading of the act indicates that the legislature correlated the position of solicitor with that of clerks and employes. We cannot agree with plaintiff's contention that the fact that a position is authorized by statute is, of itself, sufficient to constitute it an office where the duties of the position are not set forth in the statute. The courts in considering this question have considered the duties and responsibilities of the position. In Kosek v. Wilkes-Barre Twp. Sch. D., 110 Pa. Superior Ct. 295, the statute provided that, "Every school district . . . shall provide . . , proper medical inspectors to be appointed by the board of school directors." The court found that the medical inspector appointed by the board pursuant to the statute was an employe and not an officer.

The situation before us in this case is quite different from the situation in Commonwealth ex rel. Loverick v. Shumaker, 352 Pa. 4, in which case it was found that the provision in section 1401 of the County Code relating to district attorneys made the office of district attorney and the office of solicitor for a township of the first class incompatible. At the time of that decision the office of solicitor for a first class township was authorized by the Act of June 24, 1931, P. L. 1206, secs. 1201 to 1204, and this act, as amended after the above decision, is contained in 53 PS §56201, et seq. In the Shumaker case, no testimony was taken to establish the duties and responsibilities of a solicitor for a township of the first class because the First Class Township Law of 1931 set forth his duties in great detail.

1. It provided for a specific term of office.

2. His appointment required a majority vote of the board of township commissioners.

3. It provided that his compensation should be fixed by the board but should not exceed $5,000.

4. It specified the method by which vacancies in the office of township solicitor should be filled.

5. It required him to give bond to be approved by the board of commissioners. This requirement was mandatory at the time of the Shumaker decision although it was later made discretionary with the township commissioners: 53 PS §56202.

6. It provided that "The law matters of the township shall be under the *superintendence, discretion,* and *control* of the township solicitor." (Italics supplied.)

7. It prohibited the employment of additional counsel without the approval of the board.

8. It enumerated his duties at some length: (a) To prepare all bonds, contracts, conveyances and other instruments to which the township, or any department thereof, may be a party. (b) To commence, prosecute and defend all actions in which the township or its officers shall be a party. (c) To do every professional act incident to the office which he is authorized or required to do by the board of commissioners. (d) To furnish the board of commissioners and their committees opinions when required to do so.

9. The act specifically states that the person so chosen "shall be styled the township solicitor".

In view of the duties and responsibilities imposed by law upon a solicitor to a township of the first class, it is not surprising that the court found that he was an officer rather than an employe. However, if we apply the usual criteria to the duties and responsibilities of a solicitor for a school district we have nothing upon which to base an opinion that the position is an

office rather than an employment or that the status of a school district solicitor is not merely that of attorney and client. Moreover, we must construe strictly statutes imposing disqualifications.

Plaintiff calls our attention to the case of Commonwealth ex rel. Foreman v. Hampson, 393 Pa. 467, in which case the Supreme Court, on page 475, discussed the Shumaker case and said that since the position of a municipal solicitor is an office under the laws of the Commonwealth, the district attorney was ineligible to serve as a first class township solicitor under the provisions of the County Code above referred to. Also, in the Hampson case the court referred to the fact that in the Shumaker case the judge and the court below reasoned that a municipal solicitor who was not empowered to exercise governmental authority is not a public officer. The court then called attention to the fact that in the Shumaker case the Supreme Court did not repudiate that conclusion but merely added that, even if the solicitor is not a public officer, the office of township solicitor is "an office existing under the laws of the State." As we have seen from the provisions of the First Class Township Law, the position of a solicitor to a township of the first class may well be an office and yet the position of solicitor to a school board may well be an employment only.

Plaintiff's position is that since the School Code permits a board of school directors to appoint a solicitor, the mere authorization of the position by the act of assembly necessarily creates an office. It will be noted that section 1401 of the County Code concerning district attorneys did not prohibit a district attorney from holding other "employment" under the laws of the Commonwealth but only from holding another "office" under the laws of the Commonwealth.

If we turn to the Hampson case we see that it was

an action in quo warranto to remove a county solicitor who was not a resident of the county. The Constitution of Pennsylvania, art. XIV, sec. 3, provides that "No person shall be appointed to any *office* within any county who shall not have been a citizen and inhabitant therein one year next before his appointment. . . ." It will be noted that in this case the constitutional declaration of ineligibility was in respect to an "office" and not a "public office." In other words, in order to render a county solicitor ineligible because he was not an inhabitant of the county it was not necessary to prove that he was a "public" officer but only to prove that he was an officer. This is the identical situation we find in the present case. In the Hampson case, the Constitution provided that no one other than an inhabitant be appointed to any "office" within a county. In the present case, the County Code provided that no district attorney shall be eligible to any other "office". The word "public" is used neither in the Constitution, art. XIV, sec. 3, nor in the County Code with respect to district attorneys. Moreover, the duties of a county solicitor are enumerated in some detail by section 902 of the County Code of 1955, 16 PS §902. The duties of the county solicitor are, however, not spelled out to the same extent as the duties of a solicitor for a township of the first class. In the Hampson case, the court came to the conclusion that, "A county solicitor is an appointed professional employee and is not a county officer within the contemplation of Sec. 3 of Article XIV." The court continued to point out, page 473, that a county solicitor is not appointed for a fixed term, that no functions of government are delegated to him, that he cannot exercise any powers of sovereignty, that he serves as counsel to the county commissioners "just as any privately employed attorney serves his clients" and that his duties are to advise the commissioners and represent the county in litiga-

tion authorized by them or instituted against the county. Certainly, if these tests are applied to the position of solicitor to a school board, we would be compelled to arrive at the same conclusion which is that the solicitor to a school board is an appointed professional employe and not an officer within the contemplation of section 1401 (f) of the County Code.

In Shumaker and Hampson the Supreme Court considered whether the position in question was an office or an employment. In each case the court had before it a record from which the duties and responsibilities of the positions in question could be determined. This question may be determined only by a consideration of the character of the duties imposed upon the incumbent: Finley v. McNair, 317 Pa. 278, 281. In Shumaker, these duties were set forth in detail in the act which created the position and the court said that even if the position of first class township solicitor is not a "public" office that it is an "office" under the laws of the State. In Hampson, after discussing in some detail, page 473, the duties of a county solicitor, which are enumerated in the County Code, the court concluded that a county solicitor's position is an employment and not an office. In our case we have before us only article IV, sec. 406 of the School Code which gives a school board the right to appoint "a solicitor . . . clerk, or employees as it may deem proper . . . and shall define their duties." Plaintiff chose to put nothing on the record as to what duties, if any, had been defined by the various school boards in the case of this defendant. Consequently, we have before us nothing which we could examine and perhaps conclude that defendant's positions as school solicitor were offices rather than employments. It is difficult, however, to suppose that his responsibilities as a school solicitor are more weighty or involve the functions of government to a greater extent than those of a county

solicitor who was found by the Supreme Court to be an employe and not an officer.

We must conclude that under the facts before us the defendant district attorney is not prohibited from holding the position of solicitor to the school districts referred to since such positions are employments and not offices and are not in conflict with the provisions of section 1401 (f) of the County Code, 16 PS §1401.

We, therefore, enter the following:

### DECREE

And now, September 16, 1964, 9:10 a. m. (DST), after argument and upon due consideration, defendant's motion for judgment on the pleadings is sustained and plaintiff's complaint is dismissed.