## Walsh v. Borough of Norristown

*Francis P. O'Hara,* for plaintiff.

*Paul C. Vangrossi,* for defendant.

DITTER, J., October 6, 1969.—This equity case was brought to challenge the promotion of a policeman on the grounds that the civil service commission which certified his qualifications was illegally constituted. It is contended that two of the three commission members are ineligible to serve on it because they also hold county offices.

Plaintiffs are a group of policemen in the Borough of Norristown. They brought this suit to restrain borough council from naming a fellow officer to fill a vacancy in the rank of sergeant. It is their contention that neither Albert Parker, a Montgomery County assistant probation officer, nor Paul Santangelo, a Montgomery County inspector of roads and bridges, may act as members of the commission by reason of section 1173 of The Borough Code of February 1, 1966, P. L. (1965), 1656, 53 PS §46173, which provides:

> *"Offices Incompatible with Civil Service Commissioner*
>
> "No commissioner shall at the same time hold an elective or appointed office under the United States Government, the Commonwealth of Pennsylvania or any political subdivision of the Commonwealth, except that one member of the commission may be a member of the council of the borough and one may be a member of the teaching profession."

Since both men were appointed to their respective positions, the real issue is whether either is an "offi-

cer" as that term is used in the statute. We hold that both are county employees, and, therefore, not barred from serving on the Norristown Civil Service Commission.

A long line of Pennsylvania cases has distinguished "officers" from "subordinate ministerial agents or employees": Finley v. McNair, 317 Pa. 278 (1935). Various criteria have been laid down by the courts in order to aid in the distinction. Essentially, the nature of the service to be rendered by the incumbent must be considered. An "officer" has duties imposed upon him which are of a "grave and important" character and which are "imposed for a fixed term": Finley v. McNair, supra. He also has delegated to him some of the functions of government or exercises some part of the sovereign power,* and his duties are continuing in their nature and not occasional or intermittent: Commonwealth ex rel. Foreman v. Hampson, 393 Pa. 467 (1958). Other factors which may be considered are whether the duties are designated by statute, the source and character of compensation, whether the incumbent exercises any discretionary power, takes an oath or gives a bond, and the dignity of the office. See Hampson, supra, and Commonwealth v. Bionaz, 36 D. & C. 2d 39 (1964).

An assistant probation officer performs significant work within the narrow confines of his duty. He supervises those who are on probation or parole and who have been assigned to him. He visits their homes, consults with their employers, and sees to it that they are following the rules of probation. He works with a

---

* Functions which have been held to be part of the State's sovereignty are the independent power to dispose of public property, the power to incur financial obligations on the part of the county, and the power to act in cases involving business or political dealings between individuals and the public: Anderson v. Industrial Commission, 74 Ohio App. 77, 57 N.E. 2d 620 (1943).

small group on a person-to-person basis, helping to solve individual problems. An assistant probation officer aids in rehabilitation by close contact, advice, interest and understanding. However, he does not make the rules he enforces, nor decide how long they are to remain in effect. He does not make policy, but carries it out. His discretion is limited. He has no administrative duties insofar as other employes are concerned.

Undoubtedly, the supervision of those on probation or parole is a matter of general concern to the public. It is the exercise of a governmental function as is the protection of life and property through the police and fire departments; however, this is not the only test, for both policemen and firemen have been held to be employes rather than officers: Saar v. Hanlon, 163 Pa. Superior Ct. 143, 146 (1948).

Plaintiff cites section 420(11) of the Second Class County Code of July 28, 1953, P. L. 723, art. IV, 16 PS §3420(11), for the contention that since probation officers must be bonded, Mr. Parker is an "officer." However, if one reads further, he finds that the only probation officers required to post bond are those required to by order of court. Mr. Parker testified that he was not bonded, and so evidently was not required to be.

Plaintiff also contends that Mr. Parker is an officer because section 432 of the Second Class County Code, supra, 16 PS §3432, refers to those county officers which may organize a State association, and a probation officer is so recognized. However, the statute also provides that the county commissioners, together with the county solicitor and the chief clerk to the county commissioners, may also organize a State association. The Pennsylvania Supreme Court in the Hampson case specifically held that a county solicitor was not a public officer. If the availability of

a State association does not make a county solicitor an "officer," it does not make an assistant probation officer an "officer" either.

Lastly, the mere fact that the word "officer" is employed in Mr. Parker's title is of no bearing: Saar v. Hanlon, supra, at 146. Both city and county health officers have been held to be employes: Conolly v. Craft, 200 N.Y.S. 69 (1923), Middleton v. Miller Co., 134 Ark. 514, 204 S.W. 421 (1918). It is recognized that some officers, although they have some public duties to perform, are not to be considered public officers when their work is mainly of a ministerial nature. While it is true that a probation officer may be referred to as an "officer" in some acts of assembly, he is not a public officer within the meaning of the laws of Pennsylvania.

When considering the position of inspector of roads and bridges, we must again be concerned with the nature of the duties involved. Mr. Santangelo testified that he looks after the replacement of poles, curbs, driveways and utilities. He issues permits and sees that restoration is completed in accordance with the State specifications, which have been adopted by the county. He makes no reports and is not bonded. He is answerable to the chief of the inspection department, the county road superintendent and the director of public works. Mr. Santangelo attends no policy meetings, has no office of his own and sees no plans until a copy is given to him.

We do not think it can be said that an inspector of roads and bridges has delegated to him any of the functions of government. He is subject to the orders of three superiors. To constitute a public office, it is essential that certain independent public duties, a part of the sovereignty of the State, should be appointed to it by law: Kosek v. Wilkes-Barre Township School District, 110 Pa. Superior Ct. 295 (1933). No

such independent duties are discernible here. It may be very true that the duties of an inspector of roads and bridges involve judgment, intelligence and technical knowledge, but the duties involve no relationship to the exercise of what is ordinarily designated as a function of government. It would be difficult to suppose that Mr. Santangelo's responsibilities are more grave and important in character or involve the functions of government to a greater extent than those of a medical inspector, Kosek, supra, or a county solicitor, Hampson, supra, both of whom were found to be appointed professional employes and not county officers.

We agree with the contention that statutes imposing disqualifications must be strictly construed: 42 Am. Jur. 908, §37. The right to hold public office is a valuable one and its exercise should not be curtailed or declared prohibited except by plain provisions of the law. If the legislature had wanted to exclude all those who work in some other branch of government from the civil service commission, it could have easily said so. Instead of saying "any public employment" the statute reads "an elective or appointed office," and Pennsylvania law has long distinguished "public employment" from "public office."

Plaintiff also contends that the civil service commission did not administer its examination for the selection of a police sergeant in accordance with The Borough Code, sec. 1181, 53 PS §46181. We dismiss this contention as being without merit. The testimony presented by plaintiff failed to disclose any infraction of the code with respect to the content of the examination or its disclosure to the public.

It is our decision that both an assistant probation officer and an inspector of roads and bridges are subordinate ministerial employes under the orders of their respective municipal departments. Neither is

an independent municipal officer exercising grave public functions.

## DECREE NISI

And now, October 6, 1969, it is ordered, adjudged and decreed that plaintiff's prayer for injunctive relief be denied.