## Central Transportation, Inc. v. Board of Assessment Appeals

*Richard T. Williams,* for plaintiff.
*John W. Taylor,* Solicitor for Cambria County, for defendant.

McWILLIAMS, *P.J.,* January 9, 1981 — The county filed exceptions to the opinion and order of

the court dated December 3, 1980, sustaining the appeal from the Board of Assessment Appeals of Cambria County of Central Transportation, Inc., and declaring invalid the 1975 interim assessment for school purposes on Central's building situated along Franklin Street in the Eighth Ward of the City of Johnstown.

This case had been referred back to this court by the Supreme Court of Pennsylvania for the purpose of determining: (1) Whether or not major improvements had been made to Central's building after September 1, 1975, because, if not, the interim school assessment would be invalid and, (2) to determine when the county first could have assessed the building as "substantially completed".

The county's first exception was that the testimony does not support a finding that the building was "substantially completed" on August 31, 1975, within the terms of the lease between the parties dated March 6, 1975.

The interim school assessment was made as the result of a request by the Greater Johnstown School District for such assessment for school purposes only in the month of December, 1975.

The county contends that the meaning of the words "substantially completed" as used in the lease agreement must be arrived at by reference to Article II of the lease which provides for the term of the lease and in which no reference is made to assessment or taxation. This article provides that on the day following the date on which the lessor shall have completed all of the work to the extent that it is a "turnkey job" the term shall begin and shall end thirteen years after that date. The taxation clause which fixes the base year beyond which the county shall pay any increase in taxes is contained in Article IV of the lease agreement which fixed the "base

year" (after which any increase in real estate taxes shall be paid by the county) as "the first tax year in which the building shall be assessed as substantially completed".

We think that the beginning of the term of the lease and the substantial completion of the alteration to the building are different matters, and that the phrase, "turnkey job" used in determining the term of the lease should not necessarily be construed in the same fashion as a term used in fixing the base year for taxation purposes.

Clearly the intention of the parties was that the lessor, Central, should pay all taxes up to the full amount of the real estate taxes (levied on the building with improvements) paid to all taxing bodies, that is, county, city and school, but that, any increase in such taxes thereafter, whether by reason of an increase in the assessed value of the building or any increse in the tax rates should be paid by the lessee, county, to the lessor, Central.

We cannot agree with the county's contention that the improvements to Central's building had to be completed as a "turnkey job", that is, complete and ready in all respects to receive the installation of the county's equipment in order to be substantially completed within the meaning of the taxation-base year clause, Article IV of the lease. Had the parties intended that the assessment to establish the base year was to be after the building had been completed in all respects, they would have said so as they did in Clause II of the lease relating to the beginning of the term, that is, "a turnkey job, complete and ready in all respects."

At the hearing held before a judge without a jury, the county introduced in evidence a number of exhibits mainly in regard to dates on which approvals had been obtained from the appropriate state agen-

cies for various building functions. We think that the approval from the various governmental agencies is not the test to apply to determine the date on which the building was "substantially completed".

The county also contends that there were major improvements made to the building after September 1, 1975. The county shows that an inspection report made on September 8, 1975, shows that certain items such as installation of ceiling panels, complete wiring, wall painting, windows and caulking and a thorough cleaning had not been accomplished on that date. However, none of its witnesses testified that these were major improvements, whereas a number of lessor's witnesses did testify that these items were not major improvements.

Central also filed a motion to quash county's exceptions to the opinion and order of the trial judge sitting without a jury dated December 3, 1980, on the ground that the county solicitor filed the county's exceptions in this case without the authorization of the Board of County Commissioners. In support of the motion to quash, Central cites Commonwealth ex rel Foremen v. Hampson, 393 Pa. 467, 143 A.2d 369 (1958). In that case the Supreme Court determined that a County Solicitor was not subject to the residence qualifications provided for by Article XIV Section 3 of the Pennsylvania Constitution then in effect requiring county officers to be residents of the county to which they are appointed. The Supreme Court said that a county solicitor is an appointed professional employee and not a county officer within the contemplation of the Constitution in effect at that time. The court said further, page 473, "His duties are to advise the Commissioners and to represent the County in litigation authorized by them or instituted against the County."

It appears that the county solicitor in this case was told by the President of the Board of County Commissioners to file exceptions or take an appeal from the action of the trial judge on December 3, 1980, and that he thereafter filed the exceptions which are now before us for disposition. Central contends that instruction by one county commissioner is not sufficient to enable the county solicitor to act in filing exceptions such as these. In view of the disposition we have indicated we are making in this case, we think the motion to quash the county's exceptions is moot.

## DECREE

And now, January 9, 1981, after argument, the exceptions of Cambria County to the findings and decree of the trial judge sitting without a jury in the above matter filed December 3, 1980, are dismissed, as well as Central's motion to quash county's exceptions to the December 3, 1980 findings and decree.