436 A.2d 186

**Richard D. BALLOU,**

v.

**STATE ETHICS COMMISSION, et al., Appellants.**

Supreme Court of Pennsylvania.

Argued May 20, 1981.

Decided Oct. 30, 1981.

Application for Reargument Denied Dec. 1, 1981.

128

Sandra S. Christianson, Harrisburg, for appellants.

Bruce A. Rosenfield, Philadelphia, for amicus curiae.

Victor L. Drexel, Philadelphia, Stephen G. Bresset, Asst. Dist. Atty., William S. Rawls, Gregg H. S. Golden, Gwendolyn T. Mosley, Deputy Dist. Attys., for appellee.

Michael I. Levin, Harrisburg, for amicus curiae.

Before ROBERTS, NIX, LARSEN, FLAHERTY, and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellee, attorney Richard D. Ballou, is a private practitioner who has among his clients four second class townships, a borough, a county coroner and an industrial development authority. On April 29, 1980, appellee filed a petition in the Commonwealth Court for declaratory and injunctive relief from the application of the financial disclosure requirements of the Ethics Act, 65 P.S. § 401 et seq. (Supp. 1981–82),[1] which appellant, the State Ethics Commission, had by regulation declared to apply to borough and township solicitors. Appellant, in turn, filed preliminary objections in the nature of a demurrer. The Commonwealth Court overruled appellant's preliminary objections and, by order of February 4, 1981, granted relief to appellee. The court reasoned that, as a "municipal solicitor," appellee is a "public employee" subject to the financial disclosure requirements of the Ethics Act, but that the financial disclosure provisions of the act as applied are "unconstitutional as an infringement on the Supreme Court's exclusive power to govern the conduct of persons privileged to practice law in Pennsylvania." *Ballou v. State Ethics Comm'n*, 56 Pa.Cmwlth. 240, 245, 424 A.2d 983, 986 (1981).

It is well settled that when a case raises both constitutional and non-constitutional issues, a court should not reach the constitutional issue if the case can properly be decided on non-constitutional grounds.[2] We conclude that, in his capacity as solicitor, appellee is neither a "public

1. Act of October 4, 1978, P.L. 883, § 1 et seq.

2. As we have previously stated, "[t]his Court has consistently held that we should not decide a constitutional question unless absolutely required to do so." *Mt. Lebanon v. County Board of Elections*, 470 Pa. 317, 322, 368 A.2d 648, 650 (1977). Accord, e.g., *Lattanzio v. Unemployment Compensation Board of Review*, 461 Pa. 392, 336 A.2d 595 (1975).

employee" nor a "public official" within the scope of the Ethics Act and, hence, is not statutorily compelled to comply with the act's financial disclosure requirements. Unlike the Commonwealth Court, we base our determination upon statutory, not constitutional, grounds. Accordingly, we affirm only that portion of the order of the Commonwealth Court which declares that the Ethics Act does not apply to appellee.[3]

## I

■ The Ethics Act requires the filing of a statement of financial interests for the preceding calendar year by public employees, public officials and candidates for public office. 65 P.S. § 404. The information to be disclosed in the statement is set forth in 65 P.S. § 405. Since appellee is not a candidate for public office, the financial disclosure requirements of the Ethics Act apply to him only if, in his capacity as solicitor, he is either a "public employee" or a "public official" within the scope of the act.

The Ethics Act defines "public employee" as:

" 'Public employee.' Any individual employed by the Commonwealth or a political subdivision who is responsible for taking or recommending official action of a nonministerial nature with regard to:

(1) contracting or procurement;

(2) administering or monitoring grants or subsidies;

(3) planning or zoning;

(4) inspecting, licensing, regulating or auditing any person;

　　or

---

**3.** Our decision is limited to the application of the Ethics Act to attorneys serving in appellee's capacities. Not presented on this record is the application of the act to any others serving in the public sector as attorneys. See, e. g., *Knup v. City of Philadelphia*, 386 Pa. 350, 353, 126 A.2d 399, 400 (1956) ("a court . . . does not undertake to decide academically the unconstitutionality or other alleged invalidity of legislation until it is brought into operation so as to impinge upon the rights of some person or persons").

(5) any other activity where the official action has an economic impact of greater than a de minimus [sic] nature on the interests of any person.
. . ."

65 P.S. § 402. "Public official" is defined as:

" 'Public official.' Any elected or appointed official in the Executive, Legislative or Judicial Branch of the State or any political subdivision thereof, provided that it shall not include members of advisory boards that have no authority to expend public funds other than reimbursement for personal expense, or to otherwise exercise the power of the State or any political subdivision thereof. 'Public official' shall not include any appointed official who receives no compensation other than reimbursement for actual expenses."

Id. Additionally, the Ethics Act provides a separate definition for "State consultant":

" 'State consultant.' A person who, as an independent contractor, performs professional, scientific, technical or advisory service for a State agency, and who receives a fee, honorarium or similar compensation for such services . . . ."

Id. However, no reference to "State consultant" is contained in those provisions of the act relating to financial disclosure.

The duties of appellee as township solicitor are set forth in the Second Class Township Code:

"Duties of solicitor

The township solicitor, when directed or requested so to do, shall prepare or approve such bonds, obligations, contracts, leases, conveyances, ordinances and assurances to which the township may be a party; he shall commence and prosecute all actions brought by the township for or on account of any of the estates, rights, trusts, privileges, claims, or demands, as well as defend all actions or suits against the township, or any officer thereof, wherein or whereby any of the estates, rights, privileges, trusts, ordinances, or accounts, of the township, may be brought in

question before any court in the Commonwealth, and shall do every professional act incident to the office which he may be authorized or required to do by the board of supervisors or by any resolution. He shall, whenever required, furnish the board of supervisors, or any of them, with his opinion in writing upon any question of law which may be submitted by any of them in their official capacities."

Act of May 1, 1933, P.L. 103, § 582, as amended, 53 P.S. § 65582 (1957). The Borough Code sets forth similar duties of a borough solicitor:

"Duties of solicitor

The borough solicitor, when directed or requested so to do by council or the mayor, shall prepare or approve such bonds, obligations, contracts, leases, conveyances, ordinances and assurances to which the borough or any department thereof may be a party; he shall commence and prosecute all actions brought by the borough for or on account of any of the estates, rights, trusts, privileges, claims, or demands, as well as defend all actions or suits against the borough, or any officer thereof, wherein or whereby any of the estates, rights, privileges, trusts, ordinances, or accounts, of the borough, or any department thereof, may be brought in question before any court in the Commonwealth; and shall do every professional act incident to the office which he may be authorized or required to do by the council or the mayor. He shall, whenever required, furnish the council, or committees thereof, the mayor, or the head of department, with his opinion in writing upon any question of law which may be submitted by any of them in their official capacities."

Act of February 1, 1966, P.L. (1965), 1656, § 1117, 53 P.S. § 46117 (1966). The County Code provides a brief description of the duties of a coroner's solicitor:

"Solicitor to coroner

[The coroner's ] solicitor shall advise the coroner upon all legal matters that may be submitted to him and shall conduct any litigation in connection with the coroner's office when requested so to do by the coroner."

Act of August 9, 1955, P.L. 323, § 1252, added by Act of December 6, 1972, P.L. 1421, § 1, 16 P.S. § 1252 (Supp. 1981–82). Although appellee's duties as solicitor to an industrial development authority are not specifically prescribed by statute, the record does not reveal that these duties vary in any significant respect from the legal advisory duties that appellee performs as township, borough, and coroner's solicitor. The Commonwealth Court treated all these positions similarly, referring to appellee as a "municipal solicitor."

## II

The Commonwealth Court concluded that, as a municipal solicitor, appellee is a "public employee" because he is employed by the Commonwealth and has important duties to perform, including the recommendation of "official action of a non-ministerial nature," such as whether "to accept or reject a proposal for settling a lawsuit." 56 Pa.Cmwlth. at 244–45, 424 A.2d at 985–86. The Commonwealth Court did not reach the issue whether appellee is a "public official."

■ Case law and the statutory language governing the duties of township and borough solicitors make clear that a solicitor functions as a legal advisor to the appointing body. The Commonwealth Court's conclusion that, as solicitor, appellee is a "public employee" within the meaning of the Ethics Act, is premised on the erroneous theory that compensation from public funds is synonymous with employment by the Commonwealth. Contrary to the Commonwealth Court's supposition, it is commonplace for a person to perform services and to be compensated for those services, and yet not be "employed," as that term is commonly understood. The Ethics Act recognizes this distinction by providing for a classification of "state consultant" separate and apart from the categories of "public employee" and "public official." Indeed, a municipal solicitor, functioning as a legal advisor to the appointing body, closely resembles a consultant who, as defined in the Ethics Act, "performs professional, scientific, technical or advisory services . . .

[and] receives a fee, honorarium or similar compensation for such services."  65 P.S. § 402.[4]

■  Unlike a public employee, a solicitor has no enforceable right to continue in his position for the tenure of his appointment.  Our cases have held that, as a consequence of the solicitor's confidential relationship with the appointing body which he serves, the solicitor is removable at the will of the appointing power.  Even if appointed for a fixed term and salary, the solicitor has no contractual right to recover any resulting loss in compensation.  See *Snyderwine v. Craley*, 434 Pa. 349, 254 A.2d 16 (1969); *Naef v. Allentown*, 424 Pa. 597, 227 A.2d 888 (1967).

Further, unlike a public official, the solicitor is responsible only to the appointing body, and may act only pursuant to that body's authorization.  He owes no independent duties to the public, and exercises none of the powers of sovereignty.  In speaking of a county solicitor, this Court has stated:

"No functions of government are delegated to him.  Nor can he lawfully exercise any powers of sovereignty.  He serves as counsel to the commissioners in the discharge of their public duty just as any privately employed attorney serves his clients.  His duties are to advise the commissioners and to represent the county in litigation authorized by them or instituted against the county.

\*    \*    \*    \*    \*    \*

4.  The dissenting opinion of Mr. Justice Kauffman takes the inconsistent and unsupportable position that a municipal solicitor is subject to the provisions of the Ethics Act but that "an outside attorney or law firm specially retained for the trial of particular litigation" by a municipality is exempt.  Manifestly, it is peculiar to conclude, as does the dissent, that the act applies to one group of lawyers performing legal services for a municipality, and yet does not apply to another performing similar legal services.  Surely, the issue of the act's coverage should be consistently resolved.

Contrary to the assertion of the dissenting opinion, the method of compensation has no bearing on the applicability of the Ethics Act.  Indeed, a retainer for "an outside attorney or law firm" may often result in greater compensation than a salary for a municipal solicitor.  In any event, the Ethics Act applies both to compensated and uncompensated public officials, thereby demonstrating that the method of compensation is irrelevant.

'His duties are important in the sense that the advice and actions of an attorney always entail grave responsibility; but they are performed for the board. He has no direct connection with, or responsibility to, the public; he is entirely subordinate to the board; they may follow his advice or disregard it; he cannot control their actions; he cannot perform their duties; his appointment is for no definite term, and he can be recalled at any time; he has no grave and important duties involving a function of government in their performance. . . .' "

*Commonwealth ex rel. Foreman v. Hampson*, 393 Pa. 467, 473 & 474–75, 143 A.2d 369, 372 & 372–73 (1958), quoting *Alworth v. County of Lackawanna*, 85 Pa.Super. 349, 352 (1925). See also *Wiest v. Northumberland County*, 115 Pa.Super. 577, 176 A. 74 (1935).

### III.

■ Where, as here, an attorney is retained as legal advisor to a municipal client which is itself directly accountable to the public and must authorize his actions, the exclusion of the attorney from the scope of the Ethics Act is compatible with the act's purpose. That purpose, as expressed by the Legislature, is to assure "public confidence in government" by preventing either actual or apparent realization of "personal financial gain through public office." 65 P.S. § 401. Municipal solicitors are situated similarly to "members of advisory boards," who are excluded from the reach of the act when the advisory board has "no authority to expend public funds other than reimbursement for personal expense, or to otherwise exercise the power of the State or political subdivision thereof." 65 P.S. § 402.

Absent a clear expression of legislative intent to treat municipal solicitors differently from others who serve government in an advisory capacity with neither powers of sovereignty nor attributes of a public employee, we conclude that the financial disclosure provisions of the Ethics Act do not apply to appellee, who serves his municipal clients "just as any privately employed attorney serves his clients."

*Commonwealth ex rel. Foreman v. Hampson, supra.* Accordingly, we affirm, on statutory grounds, that portion of the order of the Commonwealth Court which directs judgment in favor of appellee.

The order of the Commonwealth Court is affirmed insofar as it directs judgment in favor of appellee.

O'BRIEN, C. J., and WILKINSON, J., did not participate in the consideration or decision of this case.

KAUFFMAN, J., files a dissenting opinion in which NIX, J., joins.

KAUFFMAN, Justice, dissenting.

I disagree with the majority's holding that appellee is neither a public employee nor official subject to the Ethics Act's financial disclosure requirements. He clearly is included within the statutory definition of both of these categories, and should therefore file the financial disclosure statements required of all other public employees and officials in this Commonwealth.

The Ethics Act defines a "public employee" as:

Any individual employed by the Commonwealth or a political subdivision who is responsible for taking or recommending official action of a non-ministerial nature with regard to:

(1) contracting or procurement;

(2) administering or monitoring grants or subsidies;

(3) planning or zoning;

(4) inspecting, licensing, regulating or auditing any person; or

(5) any other activity where the official action has an economic impact of greater than a de minimis nature on the interests of any person.

65 Pa.C.S.A. § 402. When a statute is clear and unambiguous, we must read its provisions in accord with their plain meaning. *Stegmaier Estate,* 424 Pa. 4, 8, 225 A.2d 566, 568 (1967); *Davis v. Sulcowe,* 416 Pa. 138, 143, 205 A.2d 89, 92

(1964). Since appellee as solicitor for a borough, township, county coroner, and industrial development authority clearly is responsible for recommending and advising a wide variety of official actions of a nonministerial nature, the majority errs in holding that he does not have sufficient nonministerial duties to be a "public employee" subject to the Ethics Act's financial disclosure requirements.[1]

Moreover, the Ethics Act defines a "public official" as "*any* elected or appointed official in the Executive, Legislative, or Judicial Branch of the State or any political subdivision thereof." 65 Pa.C.S.A. § 402 (emphasis supplied). The *only* officials exempted from the statute's broad coverage are "members of advisory boards that have no authority to expend public funds other than reimbursement for personal expenses or to otherwise exercise the power of the State or any political subdivision thereof" and "any appointed official who receives no compensation other than reimbursement for actual expenses." *Id.* Appellee is an appointed official, clearly within the Act's coverage by its very terms, and is not a member of either group of exempted officials. *Cf. Wajert v. State Ethics Commission,* 491 Pa. 255, 261, 420

---

1. The Second Class Township Code provides that "the law matters of the township shall be under the superintendence, direction, and control of the township solicitor." 53 Pa.C.S.A. § 65581. Further, the township solicitor:

    shall prepare or approve such bonds, obligations, contracts, leases, conveyances, ordinances and assurances to which the township may be a party; he shall commence and prosecute all actions brought by the township ... as well as defend all actions or suits against the township ... and shall do every professional act incident to the office which he may be authorized or required to do by the board of supervisors or by any resolution.

    53 Pa.C.S.A. § 65582. Pennsylvania law prescribes similar duties for borough and county coroner solicitors, *see* 53 Pa.C.S.A. § 46117; 16 Pa.C.S.A. § 1252 (Supp.1981–82), and while appellee's duties as solicitor to an industrial development authority are not specifically prescribed by statute, the majority acknowledges that these duties do not vary in any significant respect from the legal duties which he performs as township, borough, and county coroner solicitor. Such duties, which involve considerable discretion, are far from ministerial. Indeed, a township could not function if they were not performed or were ineptly handled. *See Snyderwine v. Craley,* 434 Pa. 349, 354–55, 254 A.2d 19, 20 (1980).

A.2d 439, 442 (1980) (term "public official" in Ethics Act includes a judge who has retired or resigned).[2]

Pennsylvania's Legislature adopted the Ethics Act to restore confidence in government and to insure that public employees and officials are accountable to the public rather than to private interests. 65 Pa.C.S.A. § 401. Because public faith and confidence in government can best be strengthened and sustained by assuring the impartiality and honesty of public employees and officials, the Act must be "liberally construed to promote complete disclosure." *Id.* In exempting certain public employees and officials from the Act's financial disclosure requirements simply because they also are attorneys, the majority today unnecessarily creates a select, privileged class, thereby thwarting both the salutary legislative policy of restoring public confidence in government and the commendable efforts of the legal profession to achieve much-needed improvement of its public image.[3]

**2.** I note that *Wajert, supra,* which suggested that the Ethics Act, as applied to attorneys' conduct, unconstitutionally infringes upon this Court's exclusive power to govern the conduct of attorneys, *id.,* 491 Pa. at 262, 420 A.2d at 442, does not mandate the majority's holding that appellee is exempt from the Act's financial disclosure requirements. *Wajert* indicated that the Act's provisions governing conflicts of interest for public officials and employees might unconstitutionally infringe upon this Court's regulation of attorneys under the Code of Professional Responsibility. The financial disclosure provisions of the Act, however, do not regulate attorneys' conduct; nor are they inconsistent with the Code of Professional Responsibility. These provisions merely require financial disclosure as an incident to appellee's duties as a public official and employee, and interfere with this Court's powers to regulate attorneys' conduct no more than does the unchallenged requirement that an oath be taken before assuming public office. The Legislature plainly has the constitutional power to define the duties of all public officials and employees, including those who also happen to be attorneys. Realistically, the myriad of non-ministerial public duties performed by *any* public employee or official, as those positions are defined by the Act, extend far beyond the practice of law as contemplated by the Code of Professional Responsibility. Accordingly, any exception to the general duty of financial disclosure artificially carved from the Act solely for attorneys would be manifestly unjust and unreasonable.

**3.** The majority suggests that because appellee "closely resembles" a "state consultant" as defined by the Act, he is exempt from its

I would therefore hold that the duty of financial disclosure imposed by the Legislature as an incident of assuming and retaining positions of public trust in this Commonwealth apply to *all* "public employees" and "officials," including lawyers.

NIX, J., joins in this dissenting opinion.

disclosure requirements. It is manifest, however, that appellee's duties as solicitor for a township, borough, county coroner, and industrial development authority, for which he receives a salary, are far more comprehensive than those of an "independent contractor," such as an outside attorney or law firm specially retained for the trial of particular litigation, receiving only a "fee, honorarium or similar compensation" for particular services rendered. 65 Pa.C.S.A. § 402.