Richard C. Snelbaker and Charles N. Sweet, Petitioners *v.* Commonwealth of Pennsylvania, State Ethics Commission, Respondent.

Submitted on briefs September 14, 1982, to President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, CRAIG and DOYLE.

*William Fearen*, with him *Michael I. Levin, Cleckner and Fearen,* for petitioners.

*Sandra S. Christianson,* General Counsel, for respondent.

PER CURIAM, December 27, 1982:

Before us is a motion for summary judgment by Richard Snelbaker and Charles Sweet (petitioners).

Petitioners are attorneys engaged in private practice who have been retained by Commonwealth school

districts as solicitors.[1] They filed a Petition for Review addressed to our original jurisdiction seeking declaratory and injunctive relief from the State Ethics Commission's holding[2] that school board solicitors are "public employees" for purposes of the State Ethics Act,[3] and, as such, are required to file annual statements disclosing their financial interests.[4]

Petitioners, in support of their summary judgment motion, cite the Pennsylvania Supreme Court's decision in *Ballou v. State Ethics Commission*, 496 Pa. 127, 436 A.2d 186 (1981), as controlling. We agree.

In *Ballou*, the Supreme Court held that municipal solicitors are *not* public employees nor public officials within the scope of the Ethics Act. Instead, municipal solicitors, in their legal advisory capacity, are "state consultants" as defined by the Act[5] who are not required to file financial disclosure statements.[6]

The State Ethics Commission asserts error in the Supreme Court's decision in *Ballou* and requests that we either modify or reverse its decision. It is axiomatic that we can do neither.

---

[1] Petitioner Snelbaker was named in his individual capacity as solicitor for the Cumberland Valley School District.

The law firm of which Petitioner Sweet is a member was retained by the Redbank Valley School District as special counsel in labor relations matters.

[2] This determination was set forth in an opinion from the Commission issued on December 19, 1979 at No. 79-036.

[3] Act of October 4, 1978, P.L. 883, 65 P.S. §401 *et seq.*

[4] 65 P.S. §404.

[5] The Act defines "State consultant" as:

A person who, as an independent contractor, performs professional, scientific, technical or advisory service for a State agency, and who receives a fee, honorarium or similar compensation for such services.

[6] The Supreme Court rejected this Court's conclusion that municipal solicitors are in fact "public employees" under the State Ethics Act, *Ballou v. State Ethics Commission*, 56 Pa. Commonwealth Ct. 240, 424 A.2d 983 (1981).

Accordingly, we conclude that school board solicitors are not public employees or public officials within the scope of the Ethics Act and therefore are not required to file annual statements disclosing their financial interests as required by Section 4 of the Ethics Act. Petitioners' motion for summary judgment is hereby granted.

PER CURIAM ORDER

Now, December 27, 1982, as school board solicitors are not public employees or public officials within the scope of the Ethics Act and therefore are not required to file annual statements disclosing their financial interests as required by Section 4 of the Ethics Act, Petitioners' motion for summary judgment is hereby granted.