468 A.2d 746

**Richard SNELBAKER and Charles N. Sweet**

v.

**STATE ETHICS COMMISSION, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1983.

Decided Dec. 16, 1983.

Sandra S. Christianson, Gen. Counsel, Harrisburg, for appellant.

Michael I. Levin, Harrisburg, for appellees.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## ORDER

PER CURIAM.

Order affirmed.

NIX, J., files a dissenting opinion in which McDERMOTT, J., joins.

HUTCHINSON, J., files a dissenting opinion.

NIX, Justice, dissenting.

This appeal provided an opportunity for a reconsideration of our decision in *Ballou v. State Ethics Commission*, 496 Pa. 127, 436 A.2d 186 (1981). I am disappointed that the opportunity has been summarily dismissed in view of my strong view that *Ballou* was wrongly decided. See *Ballou v. State Ethics Commission*, *supra*, 496 Pa. at 136–139, 436 A.2d at 190–192, (1981) (Kauffman, J. dissenting, joined by Nix, J.)

McDERMOTT, J., joins in this opinion.

HUTCHINSON, Justice, dissenting.

The appellant, State Ethics Commission, correctly perceived itself bound by our holding in *Ballou v. State Ethics Commission*, 496 Pa. 127, 436 A.2d 186 (1981), that the Ethics Act's financial disclosure provisions [1] do not apply to attorneys who are school solicitors. Thereafter, it stopped its attempt to enforce the Act against them and stated in this case it has no intention of doing so unless this Court re-examines *Ballou*. Since the majority, by its *per curiam* affirmance demonstrates its refusal to re-examine *Ballou*, I

1. Act of October 4, 1978, P.L. 883, 65 P.S. § 404.

am at a loss to understand the nature of any continuing case or controversy between the parties. For my part, I believe *Ballou* should be re-examined, but failing that, I would refuse the parties' invitation to render an advisory opinion, vacate Commonwealth Court's order and simply dismiss the matter for want of a justiciable case or controversy.