James C. Rogers and Pennsylvania Institute of Certified Public Accountants, Petitioners *v.* Commonwealth of Pennsylvania, State Ethics Commission, Respondent.

Argued May 11, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*James D. Campbell, Jr., Campbell, Spitzer, Davis & Turgeon,* with him *W. E. Shissler, Nauman, Smith, Shissler & Hall,* for petitioners.

*Sandra S. Christianson,* General Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 30, 1984:

James Rogers, a certified public accountant, and the Pennsylvania Institute of Certified Public Accountants appeal an opinion of the State Ethics Commission, which held that a certified public accountant who is appointed auditor of a municipality is a "public official" under the Act of October 4, 1978 (Ethics Act), P.L. 883, 65 P.S. §401-413. We reverse.

Rogers requested an opinion from the Commission, pursuant to Section 7(9)(i) of the Ethics Act, 65 P.S. §407(9)(i), as to whether certified public accountants performing municipal audits were "public officials"[1]

---

[1] Section 2 of the Act, 65 P.S. §402, defines "Public employee" as:

Any individual employed by the commonwealth or a political subdivision who is responsible for taking or recommend-

or "public employees"[2] under the Ethics Act. The Commission opined that an individual serving in the elected office of auditor for any political subdivision or who is appointed to fill the office of auditor is a public official obligated to comply with Section 4 of the Ethics Act, 65 P.S. §404.[3]

Although conceding that elected auditors are public officials, Rogers presented information and testimony to the Commission and requested clarification of and reconsideration of the opinion. On January 20, 1982, the Commission held as follows:

> If you or your firm, serve as such and are, appointed as same in lieu of the elected auditor in a municipality you are a "public official" required to file a Financial Interest Statement under the Ethics Act.

---

ing official action of a nonministerial nature with regard to:

    (1) contracting and procurement;

    (2) administering or monitoring grants or subsidies;

    (3) planning or zoning;

    (4) inspecting, licensing, regulating or auditing any person; or

    (5) any other activity where the official action has an economic impact of greater than a de minimus nature on the interests of any person.

[2] Section 2 of the Act, 65 P.S. §402, defines "Public official" as: Any elected or appointed official in . . . any political subdivision . . . provided that it shall not include members of advisory boards that have no authority to expend public funds other than reimbursement for personal expense, or to otherwise exercise the power of the State or any political subdivision thereof. "Public official" shall not include any appointed official who receives no compensation other than reimbursement for actual expenses.

[3] Public officials and public employees under the Act are required to submit financial disclosure statements which include the name and address of any person who is a source of income totaling $500 or more. Section 5(b) of the Act, 65 P.S. §405(b).

It is from this opinion that Rogers appeals.[4]

A certified public accountant performing an independent audit for a political subdivision provides only the very limited services identified in the engagement letter between the accountant and the subdivision. The field work for the audit is usually performed in a few days and there is no ongoing relationship between the auditor and the political subdivision. The auditor has no year-round duties or responsibilities related to the subdivision. We hold that the position as described is not a public employee or official under the Ethics Act but rather falls squarely under the regulations of the Commission at 51 Pa. Code §5.8(g), which states, "An attorney or certified public accountant who temporarily is associated with a governmental body for a few days a year is not a public official or public employe under the act."

Rogers' position as appointed auditor resembles that of a municipal solicitor. The Supreme Court, in *Ballou v. State Ethics Commission*, 496 Pa. 127, 436 A.2d 186 (1981), held that municipal solicitors, functioning as legal advisors to their appointing bodies, resemble "consultants" under the Ethics Act and thus are neither "public employees" nor "public officials." A consultant is one who, as an independent contractor, performs professional services and receives a fee for the services.

The Ethics Act's stated purpose is to assure public confidence in government by preventing either actual or apparent realization of personal gain through public office. Being mindful of this purpose, we note that an independent auditor provides neutral information regarding financial matters, and may not take

---

[4] We recognize that this case may not be properly within our appellate jurisdiction. Since this question has not been raised by either party, we do not now address it.

or recommend official action. The auditor merely provides a report, which is a matter of public record, to a political subdivision attesting to its financial condition.

Reversed.

ORDER

The opinion of the State Ethics Commission of January 20, 1982, at 82-001 is hereby reversed. Jurisdiction relinquished.