723 A.2d 174

**P.J.S., Appellant,**

v.

**PENNSYLVANIA STATE ETHICS COMMISSION, Appellee.**

Supreme Court of Pennsylvania.

Argued April 27, 1998.

Decided Jan. 25, 1999.

150

Philip B. Friedman, Erie, for P.J.S.

John J. Contino, Philadelphia, for Ethics Com'n.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and SAYLOR, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The question presented is whether the State Ethics Commission (Commission) is barred from investigating alleged ethical violations of appellant. Appellant is an attorney licensed to practice by the Supreme Court of Pennsylvania. Appellant asserts first, that the investigation is barred as it would conflict with this court's exclusive jurisdiction to regulate the ethical and professional conduct of attorneys admitted to practice in this Commonwealth. In the alternative appel-

lant asserts that the investigation is barred as he is not a public official or public employee subject to investigation under the conflict of interest provisions at 65 P.S. § 403. ("Ethics Act").[1] For the reasons that follow, we find that the Commission is not barred from investigating the allegations against appellant, and thus, we affirm the decision of the Commonwealth Court.

On January 1, 1990 appellant was hired, by the Mayor, as the solicitor for the City of Erie. (hereinafter "City"). Appellant was hired with the understanding that he could maintain his private law practice. Financial records for the City reflect that appellant was a salaried employee paid for a 7–hour workday (35–hour workweek). Appellant participated in the pension plan and the workmen's compensation plan for City employees. Appellant was issued W–2 statements, and all federal, state, and municipal taxes were withheld from his paycheck, as was the practice with all City employees. Appellant accumulated paid sick leave and vacation time pursuant to City employment records. Although appellant was permitted to work flexible hours as solicitor, the Mayor, to whom he reported, considered him a full-time employee.

In 1993, during appellant's tenure as Solicitor for the City, the estate of David Johnson filed suit against the City, the Mayor, and the Chief of Police of the City. The insurer for the City was obligated to defend the named parties in the Johnson litigation. The insurer contacted appellant requesting that he and his private law firm represent the City on behalf of the insurer. Appellant, with the Mayor's permission, agreed to represent the City defendants in the Johnson litigation while continuing to serve as Solicitor for the City. Appellant's agreement with the insurer prompted a complaint to the Commission alleging ethical violations by appellant in the nature of a conflict of interest.

The Commission began an investigation focusing on the conflict of interest allegations. Appellant responded by filing

1. 65 P.S. § 401 et. seq., 1978, Oct. 4, P.L. 883, No. 170 § 1, effective Jan. 1, 1979. Reenacted and amended 1989, June 26, P.L. 26, No. 9, § 1, imd. effective.

a Petition for Review in the Commonwealth Court seeking a Declaratory Judgment and a Permanent Injunction barring the investigation. The Commission filed Preliminary Objections to the Petition for Review, which were denied by Senior Judge Narick on January 8, 1996. The Commission then filed an Answer to the Petition for Review and a Motion for Summary Judgment. In an en banc decision, the Commonwealth Court granted the Motion for Summary Judgment in favor of the Commission. While the Motion for Summary Judgment was pending in the Commonwealth Court, the Commission completed its investigation and issued a Findings Report. The Findings Report maintained that appellant's representation of the City through his private law firm while simultaneously acting as Solicitor of the City violated Sections 3(a) and (f) of the Ethics Act, 65 P.S. §403 (a) and (f).[2] The Commission has taken no further action on the basis of the Findings Report pending resolution of this appeal.[3]

The matter is now before this court as a direct appeal from a final order of the Commonwealth Court. 42 Pa.C.S. § 723 and Pa.R.A.P. 1101(a)(1).

2. The sections of the Ethics Act at issue provide as follows:

(a) No public official or public employee shall engage in conduct that constitutes a conflict of interest.

(f) No public official or public employee or his spouse or child or any business in which the person or his spouse or child is associated shall enter into any contract valued at $500 or more with the governmental body with which the public official or public employee is associated or any subcontract valued at $500 or more with any person who has been awarded a contract with the governmental body with which the public official or public employee is associated, unless the contract has been awarded through an open and public process, including prior public notice and subsequent public disclosure of all proposals considered and contracts awarded. In such a case, the public official or public employee shall not have any supervisory or overall responsibility for the implementation or administration of the contract. Any contract or subcontract made in violation of this subsection shall be voidable by a court of competent jurisdiction if the suit is commenced within 90 days of the making of the contract or subcontract.

3. Additional findings were made regarding appellant's alleged use of city equipment, staff and materials in pursuing his outside legal practice. Those allegations are not at issue in this case.

As an appeal from the grant of a Motion for Summary Judgment the standard of review is well settled. Summary Judgment may be granted only in those cases where the record clearly shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991). On a Motion for Summary Judgment the record must be viewed in the light most favorable to the opposing party, and all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party. *Kapres v. Heller,* 536 Pa. 551, 640 A.2d 888 (Pa.1994).

■ Appellant's first issue is a constitutional claim challenging the jurisdiction of the Commission on the basis of separation of powers. The second objection to the Commission's jurisdiction is an argument of statutory construction. When a case raises both a constitutional and a non-constitutional issue, a court should not reach the constitutional issue if the case can properly be decided on non-constitutional grounds. *Mt. Lebanon v. County Board of Elections,* 470 Pa. 317, 368 A.2d 648, 650 (Pa.1977). In keeping with that rule we will address appellant's arguments in reverse order.

■ Appellant asserts that the instant investigation is barred because he is neither a public official nor a public employee. Appellant argues that he is a Solicitor as defined under the Ethics Act, and that a Solicitor is a distinct classification from public official or public employee. This distinction in classification is significant because § 404 of the Ethics Act specifically lists solicitors along with public officials and public employees as subject to the financial disclosure provisions. However, § 403 of the Ethics Act, dealing with the conflict of interest provisions, speaks only to the restricted activities of public officials or public employees. Because solicitors are specifically mentioned in § 404 and not in § 403, appellant argues that solicitors are not subject to § 403.

Appellant supports his position by reference to the fact that the inclusion of solicitors in § 404 of the Ethics Act occurred

by legislative amendment in response to this court's decision in *Ballou v. State Ethics Commission,* 496 Pa. 127, 436 A.2d 186 (Pa.1981). *Ballou* held that a municipal solicitor was not a public official or public employee subject to the financial disclosure provisions of the Ethics Act. In that decision the court acknowledged that the Ethics Act did not specifically include solicitors within its definition of public officials or public employees. The court then looked to the fact that Ballou was not an employee of any of the governmental bodies he served, but rather was a paid consultant. Among his clients, Ballou had four second class townships, a borough, a county coroner and an industrial authority. Thus, the court reasoned, the distinct governmental bodies Ballou served were no different than any other client he served in his capacity as an attorney.[4]

Subsequent to the decision in *Ballou,* the legislature amended the Ethics Act to specifically include a definition for Solicitor and to include both full-time and part-time solicitors as persons subject to the financial disclosure provisions of the Ethics Act. 65 P.S. §§ 402 and 404(a). From this background appellant argues that the legislature recognized solicitors as distinct from public officials or public employees, and, that the legislature chose only to include solicitors in the financial disclosure provisions of the Ethics Act. Appellant's argument is one of statutory construction. Appellant points to two specific rules of statutory construction: 1 Pa.C.S.A. § 1922(1), arguing that the legislature is presumed not to perform a useless act; and 1 Pa.C.S. § 1933, arguing that the particular controls the general. Thus, appellant concludes that the specific inclusion of solicitors in § 404 and the failure to amend § 403 to include solicitors establishes that the legislature only intended solicitors to be subject to the financial disclosure provisions of § 404.

4. The *Ballou* court declined to reach the question of whether application of the financial disclosure provisions to a municipal solicitor infringed upon this court's exclusive jurisdiction to govern the conduct of persons practicing law within this Commonwealth. *Id.* at 186.

Appellant's reliance on the rules of statutory construction is to no avail. The amendment to the Ethics Act wherein a definition of solicitor was set forth provides as follows: " **"Solicitor."** A person elected or appointed to the office of solicitor for the political subdivision." 65 P.S. § 402. At the same time this definition was added, § 404 was amended by the addition of the following sentence: "[p]ersons who are full-time or part-time solicitors for political subdivisions are required to file under this section." As appellant notes, the amendment was prompted by this court's decision in *Ballou.* The clear intent of the amendment was to include persons, such as Ballou, who were not employees of the governmental unit which they served as solicitor, within the scope of the financial disclosure provisions of the Ethics Act. Hence the emphasis by the legislature on "full-time" *and* "part-time" solicitors. There was no need for the legislature to amend § 403 of the Act, as that section clearly referred to public officials and public employees. Thus a solicitor who is also a public official or public employee was already included within the scope of § 403. Appellant's attempt to argue that the legislature intended solicitors only to be subject to § 404 is not supported by the actual amendments enacted, the plain reading of the statute, nor the rules of statutory construction.

Actually, the issue is not whether as a "solicitor" appellant is exempt from the requirements of § 403, but rather, whether appellant is a public official or public employee, subject to the regulations set forth in § 403. The Ethics Act provides, in pertinent part, the following definitions of public officials and public employees:

**"Public official."** Any person elected by the public or appointed by a governmental body . . .

**"Public employee."** Any individual employed by the commonwealth or a political subdivision who is responsible for taking or recommending official action of a nonministerial nature with regard to:

(1)   contracting or procurement;

(2)   administrating or monitoring grants or subsidies;

(3)   planning or zoning;

(4)   inspecting, licensing, regulating or auditing any person; or

(5)   any other activity where the official action has an economic impact of greater than a de minims nature on the interests of any person.

65 P.S. § 402.

The record clearly establishes that appellant was a public employee of the City. Appellant was hired by the Mayor to fill the position of Solicitor as a full-time public employee of the City. Appellant received a salary, benefits, and other emoluments of employment. Appellant's salary was premised on a 35–hour workweek. As Solicitor he was responsible for taking or recommending official action of a nonministerial nature. The fact that appellant continued to maintain a private law practice while holding the position of Solicitor does not diminish the fact that he held the position of Solicitor for the City as an employee. Accordingly, as a public employee appellant is subject to the jurisdiction of the Commission for purposes of investigating allegations of violations by appellant of § 403 of the Ethics Act.

As we find that appellant's non-constitutional claim is not dispositive; we are constrained to reach the constitutional issue which appellant poses as a jurisdictional claim in the nature of a separation of powers argument. Appellant asserts that only this court possesses the authority to regulate the ethical and professional conduct of attorneys admitted to practice in the Commonwealth of Pennsylvania. From this assertion appellant argues that the investigation by the Commission is barred. Appellant's argument focuses on the nature of the allegations prompting the Commission's investigation. The investigation centered on a conflict of interest arising from appellant's representation of the City defendants in the Johnson litigation through his private law practice, while simultaneously maintaining his position as Solicitor for the City of Erie. Appellant reasons that because the investigation looked to actions he undertook through his private law practice, which actions are encompassed by the Rules of

Professional Conduct regarding conflicts of interest, any investigation of his alleged misconduct lies solely within the exclusive jurisdiction of this court.[5]

Appellant's argument is mistaken. Appellant attempts to use his status as a member of the Bar of Pennsylvania as a shield protecting him from investigation by the Ethics Commission. Although members of the Bar of Pennsylvania are uniformly subject to the professional and ethical standards imposed and regulated by this court, they are not, by virtue of that membership exempt from all other professional and ethical regulations. This court spoke to this issue in *Maunus v. State Ethics Commission*, 518 Pa. 592, 544 A.2d 1324 (Pa. 1988). The precise question in *Maunus* was whether attorneys employed by the Pennsylvania Liquor Control Board were exempt from the financial disclosure provisions of the Ethics Act by virtue of the fact that they were attorneys. That question was answered in the negative. The proposition that mere status as an attorney shields one from additional regulations aimed at proscribing conduct was rejected. Nor did the court find that its exclusive jurisdiction over the professional and ethical conduct of all attorneys was infringed by the imposition of workplace regulations on persons who also happened to be attorneys. As the court so succinctly stated:

> However, notwithstanding our substantial authority in this area, it is ludicrous to suggest that employers be constitutionally precluded from imposing ethical and professional requirements on their employees, some or all of who may be attorneys. This is equally true where the employer is the Commonwealth or one of its subdivisions .... a lawyer who contracts his or her services to an employer is like any other employee subject to the terms and rules of that employment, provided that they are in no way inimical to the ethical standards prescribed by this Court.

*Maunus* at 1326.

Contrary to appellant's assertion, the fact that the conduct proscribed by the conflict of interest provisions of the Ethics

---

5. See, Pa.Rules of Professional Conduct, Rules 1.7 through 1.11.

Act is similar to that proscribed by the Rules of Professional Conduct, does not mean that the Commission's investigation is barred. Appellant is not exempt from the jurisdiction of the Commission by virtue of his status as an attorney. Rather, appellant is subject to the jurisdiction of this court because of his status as an attorney. The jurisdiction of this court is exclusive in the sense that it applies equally to all members of the Bar of Pennsylvania. The exclusive jurisdiction of this court is infringed when another branch of government attempts to regulate the conduct of attorneys merely because of their status as attorneys. However, the jurisdiction of this court is not infringed when a regulation aimed at conduct is applied to all persons, and some of those persons happen to be attorneys.

■ ■The flaw in appellant's separation of powers argument is illustrated by this court's recent decision in *Commonwealth v. Stern*, 549 Pa. 505, 701 A.2d 568 (Pa.1997). In *Stern*, this court struck a penal statute that criminalized the conduct of attorneys. 18 Pa.C.S. §4117(b)(1). In finding that the penal statute infringed on this court's exclusive jurisdiction to regulate the professional and ethical conduct of attorneys, it was the fact that the statute made the conduct at issue criminal if performed by an attorney which was significant. Where a regulation deals with attorneys as a class then it infringes upon the jurisdiction of this court.

To hold, as appellant suggests, that the mere status of "attorney" exempts one from meeting the necessary professional regulations which flow from whatever position one holds in addition to that of "attorney" is absurd. Clearly appellant's status as an attorney does not bar the Commission from investigating allegations that appellant engaged in conduct proscribed by the Ethics Act. The investigation of appellant by the Commission does not infringe upon this court's exclusive jurisdiction to regulate the ethical and professional conduct of attorneys admitted to the practice of law in this Commonwealth.

The decision of the Commonwealth Court granting Summary Judgment in favor of the Commission is affirmed.

Justice NEWMAN did not participate in the consideration or decision of this matter.