**[J-67-2019]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | |
|---|---|
| IN RE:  GRAND JURY INVESTIGATION NO. 18 | :  No. 18 MM 2019 |
| | : |
| | : |
| | : |
| PETITION OF:  C.S. | : |
| | : |
| | : |
| | : |
| | : |
| | :  ARGUED:  September 10, 2019 |


**OPINION**


**JUSTICE BAER**                                       **DECIDED:  January 22, 2020**

Petitioner has filed in this Court a petition for review, challenging the public release of the investigating grand jury report of Grand Jury Investigation No. 18 ("Report"). Petitioner initially claims that the supervising judge of the investigating grand jury erred by ordering the public release of the Report because the Report is not statutorily authorized by the Investigating Grand Jury Act ("Act"), 42 Pa.C.S. §§ 4541-4553.  In the alternative, Petitioner contends that the supervising judge erred by ordering the public release of the Report because the Act was unconstitutionally applied in this case.  As discussed in detail below, we grant Petitioner relief based on the statutory claim and, thus, need not reach the merits of the constitutional claim.[1]  For the reasons that follow, we

---

[1] *See P.J.S. v. Pennsylvania State Ethics Comm'n*, 723 A.2d 174, 176 (Pa. 1999) ("When a case raises both a constitutional and a non-constitutional issue, a court should not reach the constitutional issue if the case can properly be decided on non-constitutional grounds.").

vacate the supervising judge's order and remand with instructions to seal the Report permanently.

## I. Background

Neither the substance of the grand jury proceedings nor the Report have been made public, and given that we ultimately grant Petitioner relief in form of permanently sealing the Report, that secrecy should remain in perpetuity. Thus, in conformity with the secret nature of grand jury proceedings and the form of relief that the Court grants to Petitioner, we summarize this matter in general terms that are consistent with those facts that already are available to the public by way of the supervising judge's redacted opinions and the primary parties' redacted briefs.[2]

Upon the motion of the Franklin County District Attorney ("District Attorney"), an investigating grand jury was empaneled in February of 2017. Relevant to the matter *sub judice*, the supervising judge approved "an investigation concerning allegations of prior sexual abuse by [Petitioner] upon numerous children over the past 40 years, and potential attempts to influence victims from disclosing the crimes over that time frame." Supplemental Opinion of Supervising Judge, 3/5/2019, at 1.

The District Attorney presented evidence to the grand jury over a seven-month period, including the testimony of Petitioner and five alleged victims. The investigating grand jury eventually submitted its Report to the supervising judge, who served the Report on Petitioner with notice of the right to submit a written response. Counsel subsequently entered an appearance on behalf of Petitioner, and the supervising judge granted, *inter alia*, counsel's motion to seal the Report temporarily.

Petitioner then filed objections and responses to the Report. In terms of relief, Petitioner asked the supervising judge to keep the Report sealed permanently. If,

---

[2] This Court has access to the primary parties' unredacted briefs, the trial court's unredacted opinions, and the Report.

however, the judge rejected this request, Petitioner suggested that the Report should be redacted to remove all information identifying Petitioner. After holding argument, the supervising judge issued an order on February 13, 2019.[3] Therein, the judge denied Petitioner's requests for relief, save for a lone exception explained *infra*. The judge also authored an opinion in support of the order.

In that opinion, the supervising judge listed several "Issues for Resolution." Pertinent to the instant petition for review, the judge noted the following issues:

1. The Report submitted is not contemplated in the definition of "investigating grand jury report" provided in 42 Pa.C.S.A. Section 4542[4] where the purpose of the report is to seek justice for alleged victims by destroying [Petitioner's] name and reputation. The proposed administrative action is but a small part of the Report.

* * *

3. The Grand Jury Act is unconstitutional as applied in this matter from a due process standpoint requiring notice and meaningful opportunity to respond which did not occur in this case since there was no discovery.

4. The preponderance of the evidence standard is inadequate in this case and a reasonable doubt standard is the only one that is appropriate for application when an individual is named outside the statute of limitations. . . .

---

[3] Citing to Rules of Appellate Procedure that govern when a party must file a notice of appeal, the February 13th order misinformed Petitioner that Petitioner would have 30 days to file a notice of appeal after the entry of a final order. Order of Supervising Judge, 2/13/2019 (citing Pa.R.A.P. 902 & 903). However, in grand jury matters, an aggrieved party does not file a notice of appeal to challenge an order; rather, the party seeking further review must file a petition for review directly to this Court. Pa.R.A.P. 3331(a)(3); *see* 42 Pa.C.S. § 722(5) (granting this Court exclusive jurisdiction of appeals from final orders that directly affect a grand jury or any investigation conducted by it). A petition for review in grand jury matters must "be filed within ten days after the entry of the order sought to be reviewed." Pa.R.A.P. 1512(b)(3).

[4] Section 4542 defines "Investigating grand jury report" as a "report submitted by the investigating grand jury to the supervising judge regarding conditions relating to organized crime or public corruption or both; or proposing recommendations for legislative, executive, or administrative action in the public interest based upon stated findings." 42 Pa.C.S. § 4542.

     6.   No legitimate purpose is served by including a current picture of [Petitioner] in the Report.

Opinion of Supervising Judge, 2/13/2019, at 4-5.

Except for removing Petitioner's picture from the Report, the supervising judge denied Petitioner relief. In support of her decision, the judge initially discussed at length this Court's recent decisions in *In re: Fortieth Statewide Investigating Grand Jury*, 190 A.3d 560 (Pa. 2018) ("*Fortieth Investigating Grand Jury I*"), and *In re: Fortieth Statewide Investigating Grand Jury*, 197 A.3d 712 (Pa. 2018) ("*Fortieth Investigating Grand Jury II*"). *Id.* at 6-14. Next, the judge relied on these decisions in concluding that Petitioner was afforded constitutionally sufficient due process throughout the grand jury proceedings.[5] *Id.* at 15-17.

Regarding Petitioner's statutory challenge that the Report is not authorized by the Act, the supervising judge observed that serious allegations of misconduct had been reported against Petitioner but that, at the inception of the investigating grand jury, it was unknown whether the investigation would uncover chargeable crimes within the relevant statutes of limitation. *Id.* at 18. The judge then reported that the investigation uncovered additional victims, leading the investigating grand jury to conclude that "it was compelled to issue a report and provide counseling resources for other potential victims who may come forward given the reference to the number of victims by all who testified." *Id.* The judge insisted that the mission of the investigation was not to shame Petitioner. *Id.* at 17. For these reasons, the judge approved the public release of the Report, save for the picture of Petitioner that was contained therein.

---

[5] As noted, our disposition of this matter does not require us to delve into the merits of Petitioner's constitutional claims. Accordingly, we will not detail those claims or the manner in which the supervising judge disposed of them.

On February 25, 2019, Petitioner filed the following documents in this Court: (1) a petition for review; (2) an application to file under seal; and (3) an application to stay and temporarily seal the Report.[6] On March 4, 2019, this Court granted the application to seal and the application to stay. The District Attorney then filed an answer to the petition for review.

On April 29, 2019, this Court issued an order that, *inter alia*: (1) stated that the Court would decide the case upon briefing and oral argument; (2) directed the parties to file redacted versions of their pleadings; and (3) instructed the Prothonotary to provide a copy of the Court's order to the Office of Attorney General, given Petitioner's constitutional challenges to the Act. Order of Court, 4/29/2019 (citing Pa.R.A.P. 521(b) ("The Attorney General may be heard on the question of the constitutionality of the statute involved without formal intervention.")). All of the parties, including the Office of Attorney General

---

[6] This Court has exclusive jurisdiction to entertain appeals from final orders that, *inter alia*, affect a grand jury or any investigation conducted by it. 42 Pa.C.S. § 722(5); Pa.R.A.P. 3331(a)(3). Generally speaking, a final order disposes of all claims and of all parties. Pa.R.A.P. 341(b)(1).

Here, Petitioner is appealing from the supervising judge's order of February 13, 2019. When the supervising judge entered this order, it technically was not final, as it, *inter alia*, afforded Petitioner 20 days to submit a final response for consideration as an attachment to the Report. Order of Supervising Judge, 2/13/2019. However, Petitioner did not file an additional response, choosing instead to pursue a petition for review in this Court. Yet, the supervising judge never entered a final order.

Given these circumstances, we could remand this matter to the supervising judge with the direction to enter a final order perfecting this matter for review. However, to preserve judicial resources and to effectuate judicial economy, we choose not to delay the disposition of the petition for review for the performance of what would amount to a ministerial act on the part of the supervising judge, particularly when the judge inadvertently misinformed Petitioner regarding Petitioner's appellate rights, *supra* at 3 n.3, and where the judge's February 13th order effectively concluded the litigation of this matter below.

("OAG"), complied with the Court's order, and oral argument on the matter was held on September 10, 2019.

## II. Issues

In a redacted brief, Petitioner presents the following two issues:

1. Did the supervising judge err in finding that an investigating grand jury report issued for the purpose of providing relief to alleged victims by exposing Petitioner, an unindicted, uncharged, private individual, as a [redacted] and branding [Petitioner as] a sex offender for life is a type of report authorized by the Investigating Grand Jury Act?

2. Did the supervising judge err in finding the Investigating Grand Jury Act constitutional as applied to Petitioner's case when the preponderance of the evidence standard is prescribed by statute without safeguards affording a meaningful opportunity to be heard at a determinative part of the proceeding?

Petitioner's Brief at 4.

## III. Parties' Arguments Regarding Issue 1[7]

As noted above, the Act defines "Investigating grand jury report" as a "report submitted by the investigating grand jury to the supervising judge regarding conditions relating to organized crime or public corruption or both; or proposing recommendations for legislative, executive, or administrative action in the public interest based upon stated findings." 42 Pa.C.S. § 4542. Stated succinctly, Petitioner contends that the Report fails to meet this definition. Rather, in Petitioner's view, the Report simply is an attempt to shame and punish Petitioner, a result that the Legislature did not intend when it promulgated the Act. Consequently, Petitioner insists that the supervising judge erred by ordering the public release of the Report.

The District Attorney, on the other hand, asserts that the Report makes recommendations for legislative, executive, or administrative action in the public interest,

---

[7] Given that we summarize the arguments that Petitioner and the District Attorney provide in their redacted briefs, we explain those parties' contentions in the most general of terms.

and thus, the Report meets the statutory definition of "Investigating grand jury report." Notwithstanding, the District Attorney fails to explain, either in his redacted or unredacted brief, how the recommended actions in the Report are "in the public interest," as opposed to the interest of a specific group, such as the alleged victims. In fact, the District Attorney insists that the Report focuses on Petitioner's alleged victims, both identified and unidentified, which is inconsistent with the District Attorney's theory that the Report comports with the statutory definition of "Investigating grand jury report." In the end, the District Attorney takes the position, without meaningful support, that the supervising judge was within her discretion to release the Report publicly.

The OAG has not had access to the Report. The OAG, however, observes that, on the public record, it is unclear whether the Report proposes general recommendations as contemplated by the Act. For example, the OAG notes that the supervising judge's opinions suggest that the Report concerns only one private individual and that its recommendations all relate specifically to that individual. The OAG opines that the Act requires something more to justify publicly releasing an investigating grand jury report. The OAG ultimately is of the view that, before this Court confronts any of Petitioner's constitutional claims, it should remand the case to the supervising judge with directions to consider whether the Report meets the statutory definition of "Investigating grand jury report," as the judge did not squarely address such an issue in her opinions.

### IV. Discussion of Issue 1

In the recent decisions of *Fortieth Investigating Grand Jury I* and *Fortieth Investigating Grand Jury II*, this Court had the opportunity to expound upon the Act specifically and grand juries generally. While we need not reiterate every aspect of those opinions, some fundamental principles discussed therein bear repeating. Specifically, the "grand jury is an institution with deep historical roots." *Fortieth Investigating Grand Jury*

*I*, 190 A.3d at 568. We have explained the unique aspects of that institution, including its secret and non-adversarial nature, as well as its relaxed rules of evidence. We have observed that such features offer "substantial advantages in terms of the gathering and review of information." *Id.* We, however, have further observed that grand juries' unique procedures require safeguards to protect publicly accused persons from the release of unduly prejudicial information. *Id.* at 568-69.

Turning to the particulars of the Investigating Grand Jury Act, it allows attorneys for the Commonwealth, such as the District Attorney here, to apply to the president judge of the appropriate court of common pleas for an order directing that a county grand jury be summoned "because of the existence of criminal activity within the county which can best be fully investigated using the investigative resources of the grand jury." 42 Pa.C.S. § 4543(b); 42 Pa.C.S. § 4550(a). Although the Act provides investigating grand juries with several powers, the only authority relevant to the current matter is a grand jury's ability to submit an investigating grand jury report, as discussed below.

Pursuant to Subsection 4552(a) of the Act, at any time during its term, a majority of the investigating grand jury can vote to submit to the supervising judge an investigating grand jury report. 42 Pa.C.S. § 4552(a). If a supervising judge receives an investigating grand jury report, she must, in pertinent part, examine the report and the record of the investigating grand jury, and issue an order accepting and filing such report as a public record with the court of common pleas, but "only if the report is based upon facts received in the course of an investigation authorized by this subchapter and is supported by the preponderance of the evidence." *Id.* at § 4552(b). If a supervising judge concludes that a report is critical of a named individual who ultimately is not indicted for a criminal offense, then the judge has the discretion to allow that named individual to submit a response to the allegations contained in the report. *Id.* at § 4552(e). If the named

individual submits a response, then the supervising judge has the discretion to attach that response to the report before it is made public. *Id.*

As noted above, the ultimate disposition of this matter turns on whether the Report meets the statutory definition of "Investigating grand jury report." Resolution of this issue constitutes a question of law. Accordingly, our scope of review is plenary, and our standard of review is *de novo*.[8] *See Skotnicki v. Ins. Dep't*, 175 A.3d 239, 247 (Pa. 2017) ("Like all questions of law, our standard of review is *de novo*, and our scope of review is plenary."). Further, to the extent that our analysis requires that we interpret the Act, that task is guided by the Statutory Construction Act, 1 Pa.C.S. §§ 1501-1991. Pursuant to the Statutory Construction Act, the object of all statutory construction is to ascertain and effectuate the General Assembly's intention. 1 Pa.C.S. § 1921(a). When the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b).

Consistent with the plain language of the Act, to be characterized as an "Investigating grand jury report," a report must: (1) relate to organized crime, public corruption, or both; or (2) propose recommendations for legislative, executive, or administrative action in the public interest based upon stated findings. 42 Pa.C.S. § 4542; *supra*, at 3 n.4. Addressing whether the Report meets any of these standards is challenging, as it requires divulging the contents of the now-secret document. We nonetheless begin by observing that the Report indisputably does not relate in any way to organized crime or public corruption. Thus, the sole question that remains is whether

---

[8] While we acknowledge the OAG's observation that the supervising judge did not squarely address whether the Report meets the statutory definition of "Investigating grand jury report," we nonetheless respectfully decline the OAG's request to remand the matter to allow the judge to consider that issue more thoroughly, as the judge did address the issue tangentially, Opinion of Supervising Judge, 2/13/2019, at 17-19, and the issue presents a question of law, which does not require this Court to defer to any findings or conclusions of the supervising judge.

the Report proposes recommendations for legislative, executive, or administrative action in the public interest.

To some degree, the grand jury's recommendations arguably propose executive or administrative actions. Yet, when those recommendations are read within the context of the Report as a whole, it is evident that they are not "in the public interest," as that term is utilized in the Act, because they are not directed at broad-based legislative, executive, or administrative action. Rather, the recommended actions focus exclusively on: (1) punishing a specific person for alleged criminal conduct for which the person cannot be tried due to the running of the relevant statutes of limitation; and (2) providing resources and catharsis to the victims of these alleged crimes. To be clear, that is not to say that the public does not have some generalized interest in governmental action that brings healing to victims of unspeakable abuse. However, it is not "in the public interest," as contemplated by the Act, to utilize an investigating grand jury report to mete out punishment or provide relief for specific victims of unproven, albeit serious, crimes when the traditional means of bringing an individual to justice - *e.g.*, criminal prosecution - are otherwise unavailable.

## V. Conclusion

Investigating grand juries are useful tools for probing criminal activity that takes place in this Commonwealth. As we observed above, this unique and powerful procedure provides the government with "substantial advantages in terms of the gathering and review of information." *Fortieth Investigating Grand Jury I*, 190 A.3d at 568. To protect the sanctity of this institution, it is incumbent that we carefully apply the statutory safeguards that the Legislature inserted into the Investigating Grand Jury Act to protect publicly accused but unindictable persons from the release of unduly prejudicial information. *Id.* at 568-69.

In this matter, the order permitting the public release of the Report runs contrary to the express terms of the Act. While the grand jury crafted the Report in a good faith effort to effectuate justice, we respectfully conclude that the supervising judge erred as a matter of law by entering an order that allowed for the public release of the Report. Accordingly, we vacate that order and remand the matter to the supervising judge for the entry of an order permanently sealing the Report.

Chief Justice Saylor and Justices Todd, Donohue, Dougherty, Wecht and Mundy join the opinion.

Justice Donohue files a concurring opinion.