J-A10031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LAURA D. CERRACCHIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID J. ZUKOWSKI | : | |
| | : | |
| Appellant | : | No. 1404 MDA 2021 |

Appeal from the Order Entered September 30, 2021
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2020-696-CP

| | | |
|---|---|---|
| LAURA D. CERRACCHIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID J. ZUKOWSKI | : | |
| | : | |
| Appellant | : | No. 1405 MDA 2021 |

Appeal from the Order Entered September 30, 2021
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2020-696-CP

| | | |
|---|---|---|
| LAURA CERRACCHIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID J. ZUKOWSKI | : | |
| | : | |
| Appellant | : | No. 1406 MDA 2021 |

Appeal from the Order Entered September 30, 2021
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2020-696-CP

MEMORANDUM PER CURIAM:                    **FILED: JULY 26, 2022**

Appellant, David J. Zukowski, appeals *pro se* from the orders entered in the Susquehanna County Court of Common Pleas, which denied his petition to modify a protection from abuse ("PFA") order, denied his recusal motion, and held Appellant in contempt of court. We affirm.

The relevant facts and procedural history of this case are as follows. Appellant and Appellee Laura Cerracchio were previously married and are engaged in ongoing custody proceedings. On August 6, 2020, Appellee filed a PFA petition alleging that on or about August 4, 2020, Appellee's attorney told her to lock her doors and be on the lookout because Appellant had threatened a judge and court administration. Appellee claimed she was terrified based on Appellant's past actions and behavior, and feared Appellant would harm Appellee and their child, C.J.Z. ("Child"). The court entered a temporary PFA order that day. Appellant was served with the PFA petition, temporary order, and a notice of hearing scheduled for August 13, 2020, at his residence in Endicott, New York, which was the address listed on the PFA petition.[1]

Appellant failed to appear for the scheduled hearing on August 13, 2020. Consequently, the court rescheduled the hearing for August 21, 2020. The order rescheduling the hearing for August 21, 2020 was mailed to Appellant at the Endicott, New York address, but was ultimately returned to the court

_____

[1] The return of service confirmed Appellant was personally served with the PFA petition, temporary order, and notice of hearing.

as undeliverable. On August 21, 2020, Appellant failed to appear for the PFA hearing. At the conclusion of the hearing,[2] the court entered a final PFA order against Appellant for the protection of Appellee and Child, for three years. The court's order further stated: "The [c]ourt being of the understanding that [Appellant] is aware of the Protection Order and was served with the Temporary Order and date but has not appeared today, in the event that [Appellant] seeks to have a hearing in the above-captioned matter, *nunc pro tunc*, IT IS ORDERED that he shall petition for the same." (Order, 8/21/20). The final PFA order was sent to Appellant at the Endicott, New York address, but it was also returned to the court as undeliverable.

Over six months later, on March 19, 2021, Appellant filed a petition to modify the final PFA order. Appellant requested a hearing to address the "fraudulently obtained" PFA order. The court held a hearing on Appellant's petition on June 7, 2021.[3] At the hearing, Appellant appeared *pro se* and claimed he did not receive notice of the rescheduled PFA hearing or the final PFA order. Appellant insisted he only became aware of the final PFA order on March 12, 2021. Appellant further challenged the court's jurisdiction.[4]

---

[2] Judge Russell D. Shurtleff presided over this hearing.

[3] Judge Jeffrey A. Smith presided over this hearing.

[4] In doing so, Appellant claimed that only God has jurisdiction over him, and Appellant would not recognize the court's authority over him. (**See** N.T. Hearing, 6/7/21, at 13, 18).

Margaret Krupinski, the Prothonotary of Susquehanna County, testified at the June 7, 2021 hearing. Ms. Krupinski testified that she has previously sent court documents for all cases involving Appellant to his Endicott, New York address, as well as at a P.O. Box in Vessel, New York. In some instances, mail sent to the Endicott, New York address was returned to the court as "refused." Ms. Krupinski stated that Appellant has used the Endicott, New York address on prior custody filings. Ms. Krupinksi indicated that the PFA related documents were sent to Appellant at the Endicott, New York address because that was the address listed on the PFA petition, the return of service for the PFA petition confirmed Appellant received service there, and Appellant did not notify the court of another address where he wished to be served. Ms. Krupinski stated that Appellant provided the court with the P.O. Box address in Vessel, New York in March 2021, so the court now sends his court documents there. Ms. Krupinski clarified that the custody matter is separate from the PFA matter. Even if Appellant had used the P.O. Box address in prior custody filings, the only address on file relevant to the PFA proceeding was the address in Endicott, New York until March 2021 when Appellant provided the P.O. Box address in the PFA matter.

Sheriff Lance Benedict testified at the hearing and confirmed that Appellant was personally served with the PFA petition, temporary order, and notice of hearing on August 6, 2020.

Throughout the hearing, Appellant argued that he does not receive mail

- 4 -

at the Endicott, New York address, that he only receives mail at the P.O. Box in Vessel, New York, and that the court knew or should have known that Appellant does not receive mail at the Endicott, New York address. Appellant also contested service of the PFA petition, claiming that he was under arrest at the time service was made and his adult son accepted service on Appellant's behalf. Appellant further made disparaging comments to the trial judge during the hearing, stating: "I wish you were a more honorable person. But apparently not." (*Id.* at 178). The court warned Appellant that he was "dangerously close" to being held in contempt. (*Id.*) At the conclusion of the hearing, the court stated that Appellant had 30 days to modify the final PFA order from the date of its entry but Appellant had "slept on his rights." (*Id.* at 179). Consequently, the court denied relief on Appellant's petition to modify the PFA order.

Appellant filed a notice of appeal on August 2, 2021, which this Court quashed as untimely on September 2, 2021.[5] On October 15, 2021, Appellant filed a petition for allowance of appeal to the Supreme Court, which the Court denied on December 28, 2021.

On September 8, 2021, Appellant filed another petition to modify the

---

[5] Although Appellant attempted to file a notice of appeal on July 1, 2021, he mistakenly filed a motion for reconsideration in the trial court. As the court did not expressly grant reconsideration, the court denied the reconsideration motion as untimely on July 13, 2021. Appellant's August 2, 2021 notice of appeal sought to appeal the July 13, 2021 order and June 7, 2021 order.

final PFA order. Appellant again challenged his lack of notice regarding the rescheduled PFA hearing and final PFA order, and further claimed the PFA petition failed on the merits because Appellee did not allege any abuse by Appellant in the petition to justify the final PFA order. On September 20, 2021, Appellant filed a motion seeking recusal of Judge Smith.

On September 30, 2021, the court held a hearing on Appellant's petition to modify the PFA order and the recusal motion. Appellant claimed there was no evidence or testimony of his abuse to warrant imposition of the final PFA order. Appellant again asserted his lack of notice of the rescheduled PFA hearing. During the proceeding, Appellant insulted the judge once again, stating: "I personally don't think that you're a very honorable person." (N.T. Hearing, 9/30/21, at 16). The court stated on the record that it was denying Appellant's September 8, 2021 petition to modify the PFA order as untimely. Appellant then criticized Judge Shurtleff (who had presided at the final PFA hearing) and called him "a frickin moron." (*Id.* at 25). The court subsequently found Appellant in contempt and issued him a $200.00 fine for cursing and slandering a judge.

Following the hearing, the court issued three separate orders on September 30, 2021, denying Appellant's recusal motion, holding Appellant in contempt, and denying his September 8, 2021 petition to modify the final PFA order. Appellant timely filed three separate notices of appeal on October 12,

J-A10031-22

2021.[6]  Nevertheless, Appellant failed to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) contemporaneously with his notices of appeal.[7]  On November 2, 2021, this Court directed Appellant to file his concise statement by November 12, 2021. Appellant complied on November 10, 2021.

On appeal, Appellant purports to raise 11 issues for our review:

> Can a trial court hold an *ex parte* final order of [PFA] hearing when the defendant has not been notified of the hearing?
>
> [Do the] Pennsylvania and United States Constitution[s] guarantee an individual the right to a fair and impartial trial or hearing, the right to counsel, the right to confront their accusers and due process?
>
> Must the trial court prothonotary notify the defendant of all hearing and trial dates and serve all orders to the defendant in a PFA case?
>
> If the notifications to a defendant in a PFA case are returned undeliverable, must the prothonotary re-institute the original process of service?
>
> Must a trial judge recuse himself from a criminal or quasi-criminal matter where his impartiality and his bias toward the defendant is questioned?
>
> In a matter where a trial court is required to recuse himself, are any orders issued by him invalid?
>
> [If] the original trial judge in a PFA matter recuses himself, does the new presiding judge have the authority to overturn a PFA final order that was issued with an abuse of

---

[6] This Court consolidated the appeals *sua sponte* on November 17, 2021.

[7] Because Child was listed as a protected party in the final PFA order, the appeal was designated as a children's fast track case.

- 7 -

discretion?

Does **Commonwealth v. Charnik** specify under what circumstances a trial court can be reversed?

Does **Witherspoon v. Walmart** state that extraordinary cause would allow a trial court to act on a final judgment and appeal time expired due to oversight, act by court, or judicial process, that operates to deny losing party knowledge of entry of final order?

A judge whose impartiality may be questioned shall recuse himself?

Does the Constitution protect freedom of speech and expression?

(Appellant's Brief at 3-5).

Preliminarily, we recognize:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. … Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610

Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted).

Regarding the statement of the case section of an appellate brief, Rule

2117 provides, in pertinent part:

**Rule 2117. Statement of the Case**

**(a) General rule.**—The statement of the case shall contain, in the following order:

* * *

> (4)   A closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found.  ***See*** Rule 2132 (references in briefs to the record).

* * *

> **(b)   All argument to be excluded.**—The statement of the case shall not contain any argument.   It is the responsibility of appellant to present in the statement of the case a balanced presentation of the history of the proceedings and the respective contentions of the parties.

Pa.R.A.P. 2117(a)(4), (b).

As to the argument section of an appellate brief, Rule 2119(a) provides:

> **Rule 2119.  Argument**

> **(a)   General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  Importantly, where an appellant fails to properly raise or develop his issues on appeal, or where his brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal.  ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to

cogently explain or even tenuously assert why trial court abused its discretion or made error of law). **See also Lackner v. Glosser**, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); **Estate of Haiko v. McGinley**, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Further, a Rule 1925 statement of errors complained of on appeal must concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues; issues not included in the Rule 1925 concise statement are waived on appeal. **In re A.B.**, 63 A.3d 345 (Pa.Super. 2013).

> This Court has considered the question of what constitutes a sufficient [concise] statement on many occasions, and it is well-established that [an a]ppellant's concise statement must properly specify the error to be addressed on appeal. The [concise] statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. Further, this Court may find waiver where a concise statement is too vague. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. A [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no

[c]oncise [s]tatement at all.

*Id.* at 350 (internal citations omitted).

Instantly, the defects in Appellant's brief are substantial. To begin, Appellant's statement of the case fails to present a closely condensed chronological statement containing all relevant facts necessary to resolve this appeal. *See* Pa.R.A.P. 2117(a). Likewise, Appellant does not provide a balanced presentation of the history of the proceedings and the respective contentions of the parties. *See* Pa.R.A.P. 2117(b). Instead, Appellant's statement of the case consists of his version of the events and includes legal argument in violation of Rule 2117(b). *See id.*

More importantly, Appellant's argument section is woefully inadequate. At the outset, Appellant's argument section is not divided into separate sections for each of his 11 questions to be argued, in contravention of Rule 2119(a). *See* Pa.R.A.P. 2119(a). As well, Appellant cites some law completely irrelevant to this appeal. For example, Appellant cites the standard of review applicable for the denial of post-conviction relief in a criminal proceeding. (*See* Appellant's Brief at 16). In some instances, Appellant also purports to quote from a case or statute but does not supply the authority on which he relies. (*Id.* at 27-28). In other instances, Appellant cites excerpts from cases or statutes without a cogent explanation of how the authority cited applies to the facts of his case. *See* Pa.R.A.P. 2119(a).

Additionally, Appellant makes sweeping, bald allegations accusing court

administration and judicial officials of violating their oaths of office and engaging in a conspiracy against him, with no support whatsoever. Further, the trial court had difficulty discerning Appellant's issues on appeal from his concise statement, which purported to allege 16 errors. As the court stated:

> The statement of errors filed by Appellant is little more than a harangue of personal attacks against all of the judges who have presided in this action. With one exception the statement alleges only that the judges' decisions were erroneous, but other than perfunctory assertions of unspecified constitutional violations, the statement fails to explain why any of the court's rulings were error. Appellant cites no statute, no rule, no case law, nor any common law principle allegedly violated. …

(Trial Court Opinion, filed 12/15/21, at 1). We agree that Appellant's vague and prolix Rule 1925 statement was insufficient to provide meaningful review for the majority of Appellant's claims. **See *In re A.B., supra***.

In all fairness to Appellant, however, we will attempt to address Appellant's claims in three sections as they relate to (1) the denial of his September 8, 2021 petition to modify the final PFA order; (2) the court's denial of his recusal motion; and (3) the court's finding of Appellant in contempt.

Regarding the denial of Appellant's petition to modify the PFA order, we initially note that "[t]he time within which a trial court may grant reconsideration of its orders is a matter of law…" ***Estate of Haiko, supra*** at 158. Importantly, a trial court generally has only 30 days to modify its judgments or orders. **See** 42 Pa.C.S.A. § 5505. In some circumstances, extraordinary cause may justify court intervention beyond the 30 days. ***ISN***

***Bank v. Rajaratnam***, 83 A.3d 170, 172 (Pa.Super. 2013).

Here, the court held a hearing on June 7, 2021 to address Appellant's claim that he did not receive notice of the rescheduled hearing for the PFA petition or the final PFA order. After hearing testimony from Ms. Krupinski, the court decided that Appellant had "slept on his rights" and done nothing to notify the court that he wanted to receive mail somewhere other than his residence, where he had received proper service of the PFA petition and notice of the original hearing scheduled for August 13, 2020. Following the court's denial of relief, Appellant filed a notice of appeal to this Court. Nevertheless, this Court quashed the appeal as untimely. Essentially, Appellant now attempts to get a "second bite at the apple" by challenging the court's decision on notice once again. As the court denied relief of Appellant's March 19, 2021 petition regarding lack of notice at the June 7, 2021 hearing, Appellant's attempt to contest that decision in the current appeal is untimely. ***See*** Pa.R.A.P. 903(a) (stating appellant shall have 30 days to file notice of appeal).

Appellant also seeks to attack the final PFA order on the merits, claiming that Appellee failed to present testimony or evidence establishing abuse. Nevertheless, this Court cannot consider the merits of the final PFA order at this juncture, where Appellant failed to garner relief in the trial court on his lack of notice claim. As Appellant did not prevail on demonstrating "extraordinary cause" such that the trial court could modify the final PFA order, Appellant cannot gain review on the merits in this appeal. ***See ISN Bank,***

*supra*. *See also* (Trial Court Opinion at 2) (addressing one issue court could decipher from Appellant's Rule 1925 statement and stating that Appellant was not entitled to relief because he "sought to litigate the matter *de novo*" in disregard of Section 5505).

With respect to Appellant's recusal motion, our scope and standard of review are as follows:

> The denial of a motion to recuse is preserved as an assignment of error that can be raised on appeal following the conclusion of the case. We review a trial court's decision to deny a motion to recuse for an abuse of discretion. Indeed, our review of a trial court's denial of a motion to recuse is exceptionally deferential. We extend extreme deference to a trial court's decision not to recuse. We recognize that our trial judges are honorable, fair and competent, and although we employ an abuse of discretion standard, we do so recognizing that the judge himself is best qualified to gauge his ability to preside impartially. Hence, a trial judge should grant the motion to recuse only if a doubt exists as to his or her ability to preside impartially or if impartiality can be reasonably questioned.

*Interest of D.R.*, 216 A.3d 286, 292 (Pa.Super. 2019), *aff'd*, ___ Pa. ___, 232 A.3d 547 (2020).

"A party seeking recusal must assert specific grounds in support of the recusal motion before the trial judge has issued a ruling on the substantive matter before him or her." *Bowman v. Rand Spear & Associates, P.C.*, 234 A.3d 848, 862 (Pa.Super. 2020) (internal citation omitted). "Recusal is required whenever there is a substantial doubt as to the jurist's ability to preside impartially." *Id.* "However, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings

- 14 -

do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 862-63.

Here, Appellant claims, *inter alia*, Judge Smith waved his hand at Appellant in a dismissive manner, used Appellee's disability status against Appellant, and seemed to favor Appellee's counsel. Appellant also asserts that Judge Smith's actions at the June 7, 2021 and September 30, 2021 hearings demonstrated bias. We have carefully reviewed the record and none of Appellant's assertions, even if true, rises to the level of a "deep-seated favoritism [for Appellee] or antagonism [against Appellant] that would make fair judgment impossible." *See id.* To the contrary, Judge Smith listened to Appellant's arguments and proceeded in a fair and impartial manner, even in the face of Appellant's blatant disrespect for Judge Smith and the court's authority. On this record, we see no reason to disrupt the court's denial of Appellant's recusal motion. *See Interest of D.R., supra*.

Regarding the contempt finding, we observe that "[e]ach court is the exclusive judge of contempts against its process, and on appeal its actions will be reversed only when a plain abuse of discretion occurs." *Ricci v. Geary*, 670 A.2d 190, 191 (Pa.Super. 1996). "The ability to issue a criminal contempt sanction empowers a trial judge with the ability to maintain command over his or her courtroom. If we carve away at this power, the sanctity and balance of the courtroom may be in jeopardy." *In re Arrington*, 214 A.3d 703, 707

(Pa.Super. 2019). **See also** 42 Pa.C.S.A. § 4132(3) (stating court may issue finding of contempt based on misbehavior of any person in presence of court that obstructs administration of justice).

Here, the court held Appellant in contempt at the September 30, 2021 hearing, after Appellant referred to Judge Shurtleff as a "frickin moron." The court based its contempt finding on Appellant's use of a curse word **and** insult of another trial judge. On appeal, Appellant complains the court violated his right to free speech because Appellant contends that neither "frickin" nor "freaking" constitutes a curse word. Nevertheless, we need not confront Appellant's constitutional challenge, where the record makes clear the court's contempt finding was not only based on use of the disputed curse word, but also due to Appellant's disrespect of another trial judge.[8] In fact, Appellant had previously disrespected Judge Smith at the June 7, 2021 hearing and the court warned Appellant he was "dangerously close" to being held in contempt. Notwithstanding the court's warning, Appellant disparaged Judge Smith again at the September 30, 2021 hearing and also insulted Judge Shurtleff. On this record, we cannot say the court abused its discretion in holding Appellant in contempt. **See In re Arrington, supra**. Accordingly, we affirm.

Orders affirmed.

---

[8] **See P.J.S. v. Pennsylvania State Ethics Com'n**, 555 Pa. 149, 723 A.2d 174 (1999) (explaining that when case raises both constitutional and non-constitutional issue, court should not reach constitutional issue, if case can properly be decided on non-constitutional grounds).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>07/26/2022</u>